**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Wesco Aircraft Holdings, Inc., *et al.*,[1] | Case No. 23-90611 (DRJ) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGIES, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each a "*Debtor*" and collectively, the "***Debtors***") have filed their respective Schedules of Assets and Liabilities (collectively with attachments, the "Schedules") and the Statements of Financial Affairs (collectively with attachments, the "Statements," and together with the Schedules, the "Schedules and Statements"), which were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"). The Schedules and Statements were prepared by management of the Debtors, with the assistance of the Debtors' advisors, and are unaudited.

These *Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred or the Debtors may discover subsequent information that requires material changes to the Schedules and Statements. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Schedules and Statements should not be relied upon by any persons for information relating to current or future financial condition, events, or performance of any of the Debtors or their affiliates. There can be no assurance that such information is complete, and the Schedules and Statements may be subject

---

[1]   The Debtors operate under the trade name Incora and have previously used the trade names Wesco, Pattonair, Haas, and Adams Aviation.  A complete list of the Debtors in these chapter 11 cases, with each one's federal tax identification number and the address of its principal office, is available on the website of the Debtors' noticing agent at http://www.kccllc.net/incora/.  The service address for each of the Debtors in these cases is 2601 Meacham Blvd., Ste. 400, Fort Worth, TX 76137.

to revision. The Debtors and their agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their agents, attorneys, and/or advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and advisors are advised of the possibility of such damages. The Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Bankruptcy Court. Nonetheless, the Debtors hereby reserve all of their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Schedules and Statements have been signed by Raymond Carney, Chief Financial Officer of Debtor, Wesco Aircraft Holdings, Inc. In reviewing and signing the Schedules and Statements, Mr. Carney necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors. Mr. Carney has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

These Global Notes are in addition to any specific notes contained in each Debtor's respective Schedules or Statements. Furthermore, the fact that the Debtors have prepared Global Notes or specific notes with respect to each of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes to any of the Debtors' other Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

<u>**Global Notes and Overview of Methodology**</u>

1.  ***Description of Cases***.   On June 1, 2023 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only under the lead case caption *In re Wesco Aircraft Holdings, Inc., et al.*, Case No. 23-90611 (DRJ). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 16, 2023, the United States Trustee for the Southern District of Texas (the "<u>U.S. Trustee</u>")

appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 261]. No other statutory committee has been appointed.

2.    ***"As Of" Information Date***.   To the best of the Debtors' knowledge, the information provided herein represents the data relating to the assets and liabilities of the Debtors as of May 31, 2023. Amounts ultimately realized may vary from net book value (or the applicable value ascribed herein) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

3.    ***General Reservation of Rights***.   Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions, as well as discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements. The Debtors reserve all rights to amend, supplement or otherwise modify the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend, supplement or otherwise modify the Schedules and Statements with respect to any claim description, designation, or Debtor against which the claim is asserted; dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any claim, in each case, regardless of whether such claim is designated in the Schedules and Statements as "disputed," "contingent" or "unliquidated". Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of (a) liability or (b) amounts due or owed, if any, in each case, by the Debtor against which the claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including without limitation, issues involving or defenses against claims, substantive consolidation, defenses, equitable subordination, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant nonbankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

4.    ***Basis of Presentation***.   Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. The information presented has been reported in these forms in the good faith belief the information provided is responsive and accurate. The Schedules and Statements have not, however, been subject to procedures that would typically be applied to financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP") and are not intended to reconcile fully with any financial statements prepared under GAAP. Therefore, combining the assets and liabilities set forth in the Schedules and Statements

3

would result in amounts that are substantially different from financial information that would be prepared on a consolidated basis under GAAP. For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements on a consolidated basis. Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Moreover, given, among other things, the uncertainty surrounding the valuation, collection, and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.

5.   ***Confidential or Sensitive Information***.   There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to, among other things, concerns for the privacy of an individual (as more fully described in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing them to Redact Certain Personally Identifiable Information (II) Approving the Form and Manner of Notice of Commencement, and (III) Granting Related Relief* [Docket No. 81] and *Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information and (II) Granting Related Relief* [Docket No. 123]). The alterations or redactions are limited only to what the Debtors believe is necessary to protect the Debtor or the applicable third party.

6.   ***Causes of Action***.   Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any claims or causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

7.   ***Recharacterization***.   The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, interests, and other items reported in the Schedules and Statements. Nevertheless, due to the size and complexity of the Debtors' businesses, the Debtors may not have accurately characterized, classified, categorized, or designated certain items, or may have omitted certain items. The Debtors reserve all their rights to recharacterize, reclassify, recategorize,

redesignate, add, or delete items reported in the Schedules and Statements at a later time as necessary or appropriate.

8. ***Setoffs***.   The Debtors may have offsetting claims with third parties in the course of their business. Offsets in the ordinary course can result in various ways, including intercompany transactions and business dealings between companies, pricing discrepancies, overpayments, or can arise from other disputes between the Debtors and their counterparties such that setoffs or recoupment may exist or be invoked. These offsets, recoupments, and other similar rights are consistent with the Debtors' rights and are not tracked separately. Therefore, although the impact of such offsets and other similar rights may have been accounted for when certain net amounts were included in the Schedules, ordinary course offsets are not independently accounted for, and as such, are not included separately in the Debtors' Schedules and Statements.

9. ***Classifications***.   Listing (a) a claim on Schedule D as "secured," (b) a claim on Schedule E/F as "priority," (c) a claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts or to setoff of such claims.

10. ***Court Orders***.   Pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 cases (the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, critical vendors, potential lien holders and taxing authorities. Accordingly, these liabilities may have been or may be satisfied in accordance with such First Day Orders and, therefore, generally are not listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to any order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

11. ***Liabilities***.   The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change. The Debtors reserve the right to amend, supplement, or otherwise modify the Schedules and Statements as they deem appropriate in this regard.

12. ***Excluded Assets and Liabilities***.   The Debtors may have excluded certain categories of assets and liabilities from the Schedules and Statements and certain accrued expenses. The Debtors also have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. In addition, certain immaterial or *de minimis* assets and liabilities may have been excluded. Finally, certain liabilities authorized to be paid pursuant to the First Day Orders are excluded from the Schedules and Statements.

13. ***Inventories***.   Inventories are stated at cost basis. The Debtors reserve all rights with respect to the valuation of any inventories.

14. ***Property Rights***.   Exclusion of certain property from the Schedules and Statements shall not be construed as an admission that such property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain property shall not be construed to be an admission that such property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition or other transaction.

15. ***Property and Equipment***.   Unless otherwise indicated, owned property (including real property) and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect thereto.

16. ***Intercompany Payables and Receivables***. Intercompany payables and receivables were measured as of May 31, 2023. Certain intercompany payables and receivables between the Debtors (or between Debtors and affiliated non-Debtors) are set forth on Schedule F and Schedule A/B Part 11, Q. 77, respectively. The listing by the Debtors of any such account is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. Additionally, intercompany balances are subject to ongoing adjustments. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a claim, an interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

17. ***Estimates***.   To prepare and file the Schedules and Statements in accordance with the deadline established in these chapter 11 cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend, supplement, or otherwise modify the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

18. ***Fiscal Year***.   Each Debtor's fiscal year ends on December 31.

19. ***Currency***.   Except as otherwise specified**,** all amounts are reflected in U.S. dollars. Amounts originally listed in any other currency have been adjusted to reflect U.S. dollars at the relevant exchange rate pursuant the Debtors' ordinary course accounting practices.

20. ***Executory Contracts***.   Although the Debtors have made diligent attempts to properly identify the Debtor counterpart(y/ies) to each executory contract on Schedule G, it is possible that the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. The Debtors reserve all of their rights with respect to the

named parties of any and all executory contracts, including the right to amend, supplement, or otherwise modify Schedule G. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held by any counterparty to such contract or lease. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

21.    ***Leases***.    The Debtors have not included the future obligations of any capital or operating leases in the Schedules and Statements. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property and equipment from third-party lessors for use in the daily operation of their business. Any known prepetition obligations of the Debtors' pursuant to the same have been listed on Schedule F, the underlying lease agreements are listed on Schedule G, or, if the leases are in the nature of real property interests under applicable state laws, on Schedule A. Nothing in the Schedules or Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement or a real property interest), and the Debtors reserve all rights with respect to such issues.

22.    ***Insiders***.    The Debtors have attempted to include all payments made on or within 12 months before the Petition Date to any individual or entity deemed an "insider." As to each Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if the Debtors believe that such individual or entity may plausibly be included in the definition of "insider" pursuant to section 101(31) of the Bankruptcy Code. Such individuals may no longer serve in such capacities. For certain insider payments disbursed from Debtor entities, there are corresponding Intercompany chargebacks.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should it be, construed as an admission that those parties are insiders for purpose of section 101(31) of the Bankruptcy Code. Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (a) the purposes of determining (i) control of the Debtors; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtors; or (iv) whether such individual or entity could successfully argue that it is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose.

Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the 12-month period, but the Debtors have included them herein out of an abundance of caution. The Debtors reserve all rights with respect thereto.

23.     ***Totals***.   All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different from the listed total.

24.     ***Unliquidated Claim Amounts***.   Claim amounts that could not be quantified by the Debtors are scheduled as "unliquidated."

25.     ***Undetermined Amounts***.   The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

26.     ***Credits and Adjustments***.   The claims of individual creditors for, among other things, goods, products or services are listed as amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights respecting such credits, allowances and other adjustments.

*27.*     ***Payments***.   Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "<u>Cash Management System</u>") (as more fully described in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Them to (A) Maintain and Use Their Existing Cash Management System, (B) Pay Bank Fees, (C) Utilize Existing Business Forms, (D) Utilize Credit Cards, and (E) Engage in Intercompany Transactions and (II) Waiving Compliance with Section 345(B)* (the "<u>Cash Management Motion</u>") [Docket No. 80]). Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to amend, supplement, or otherwise modify their Schedules and Statements to attribute any payments to a different legal entity, if appropriate.

28.     ***Guaranties and Other Secondary Liability Claims***.   The Debtors have used their best efforts to locate and identify guaranties and other secondary liability claims (collectively, the "<u>Guaranties</u>") in their executory contracts, unexpired leases, debt instruments, and other such agreements. Where such Guaranties have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guaranties. The Debtors have reflected the Guaranty obligations for both the primary obligor and the guarantor with respect to their financings and debt instruments on Schedule D, F, and H. To the extent that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, other secured financing, debt instruments, and similar agreements may exist, the Debtors reserve their rights to amend, supplement, or otherwise modify the Schedules to the extent additional Guaranties are identified.

29.     ***Global Notes Control***.   In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

## <u>Specific Disclosures with Respect to the Debtors' Schedules</u>

30.     ***Schedule A/B:***   Real property is reported at book value, net of accumulated depreciation on buildings and improvements. Amounts ultimately realized may vary materially from net book value. The Debtors may have listed certain assets as real property when such assets

are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all of their rights to recategorize or recharacterize such asset holdings to the extent the Debtors determine that such holdings were listed incorrectly.

The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule A is an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A or Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditors' claim.

The Debtors' failure to list any rights in real property on Schedule A/B should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their Causes of Action or potential Causes of Action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any Causes of Action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

31.     ***Schedule A/B 3:***   Amounts listed are as of the Petition Date for the corresponding Debtor and reflect the bank balance, not the net book value.

32.     ***Schedule A/B 15:***   Equity interests in subsidiaries and affiliates primarily arise from common stock ownership or member or partnership interests. For purposes of these Schedules, the Debtors have listed an undetermined value for the equity interests of all subsidiaries and affiliates. Nothing in these Schedules is an admission by or conclusion of the Debtors regarding the value of such subsidiary and affiliate equity interests, which, under certain fair market or enterprise valuation analyses, may have value. The book values of certain assets may materially differ from their fair market values and/or the Debtors' enterprise valuation to be prepared in connection with the Disclosure Statement.

33.     ***Schedule A/B 22:*** Inventory consists of aerospace hardware and parts, electronic products, chemicals, and tooling parts. Amounts are listed at net book value as of May 31, 2023, and are inclusive of specific reserves as well as excess and obsolete inventory reserves. Additionally, inventory balances are reflective of adjustments for inventory the Company has title to but is not reflected within the perpetual inventory system.

34.     ***Schedule A/B 61:*** The Debtors and their non-Debtor affiliates collectively own over 200 domain names and websites. The Debtors have not listed all of their domain names and websites but retain their ownership rights over these assets.

35.     ***Schedule A/B 73:***   The Debtors maintain a comprehensive insurance program in the ordinary course of their business (as more fully described in the *Debtors' Emergency*

*Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain Their Insurance Policies and Programs and Honor Related Obligations, (II) Authorizing the Debtors to Renew, Supplement, Modify, Extend, Reduce or Purchase Insurance Policies, and (III) Modifying the Automatic Stay with Respect to Workers' Compensation* (the "Insurance Motion") [Docket No. 8]). Certain of the Debtors' insurance policies are jurisdiction specific. Determining the specific Debtor entities associated with each policy would be unduly burdensome and cost prohibitive and, therefore, the Debtors listed the insurance policies per Exhibit B of the Insurance Motion at each of the respective Debtor entities on Schedule A/B 73.

36.     ***Schedule A/B 77:***   Any payable or receivable between a Debtor and another Debtor (or between a Debtor and an affiliated non-Debtor on the Schedules and Statements reflects the applicable Debtor's books and records and does not constitute an admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

37.     ***Schedule D:***   Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not, nor shall it be deemed an admission as to the validity of any such lien. Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facility and other funded secured indebtedness, only the administrative agents or indenture trustees have been listed for purposes of Schedule D. The amounts reflected outstanding under the Debtors' prepetition funded indebtedness reflect approximate principal and accrued interest as of the Petition Date.

In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of another Debtor, and no claim set forth on Scheduled D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

38.     ***Schedule E/F, Part 1:  Creditors Holding Priority Unsecured Claims***.    The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 or any other provision of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time. All claims listed on the Debtors' Schedule E/F are claims arising from taxes to which the Debtors may potentially be liable. Certain of such claims, however, may be subject to ongoing audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E/F. Accordingly, the Debtors have listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues. Further, to the extent such claims have been paid or may be paid pursuant to a court order, they may not be included on Schedule E.

39.     ***Schedule E/F, Part 2:  Creditors Holding Non-Priority Unsecured Claims.***

The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code.  For example, on June 6, 2023, the Bankruptcy Court entered that certain: *Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Benefits, and Other Compensation, and (B) Maintain Employee Benefits Programs, and (II) Granting Related Relief* [Docket No. 117]; the *Order (I) Authorizing them to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations and (II) Granting Related Relief* [Docket No. 120]; the *Order (I) Authorizing the Debtors to Pay Certain Prepetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 116]; the *Final Order (I) Authorizing the Payment of Prepetition Claims of Critical Vendors and Foreign Claimants, (II) Authorizing the Payment of Outstanding Orders, and (III) Granting Related Relief* [Docket No. 128] (the "Critical Vendor Order"); and the *Final Order (I) Authorizing the Debtors to Maintain Their Insurance Policies and Programs and Honor Related Obligations, (II) Authorizing the Debtors to Renew, Supplement, Modify, Extend, Reduce or Purchase Insurance, and (III) Modifying the Automatic Stay with Respect to Workers' Compensation* [Docket No. 127]. To the extent that applicable Claims have been paid under one or more of the foregoing orders, or may be paid, such Claims may not be included in Schedule E/F. To the extent that partial payments on a claim have been made post-petition with respect to the Critical Vendor Order or other first day relief, the claims listed on Schedule E/F have been reduced on account of such payments.

The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

The Debtors have attempted to relate all liabilities to each particular Debtor. Certain creditors listed on Schedule E/F may owe amounts to the Debtors and, as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts. These setoffs and

11

other similar rights are not tracked separately. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment and the Debtors reserve all rights to assert any such setoff or recoupment rights. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact.  Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding pending litigation involving the Debtors. In certain instances, the Debtor or related co-defendants that are the subject of the litigation may be unclear or undetermined. To the extent that litigation involving a particular Debtor or related co-defendant has been identified, such information is contained in the Schedule for that Debtor. Additionally, to the extent the identification of contingent co-defendants is unknown or unclear, the Debtors have listed only the underlying litigation. The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated, and disputed in the Schedules.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in whole or in part in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease.

The Debtors have made reasonable efforts to locate and identify Guaranties in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party. Where Guaranties have been identified, they have been included in the relevant Schedules for the Debtor or Debtors affected by such Guaranties as a contingent and unliquidated obligation. The Debtors have placed the Guaranties on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Guaranties were additionally placed on Schedule D or F for each guarantor, except to the extent they are associated with obligations under an executory contract or unexpired lease identified on Schedule G. It is possible that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted. The Debtors reserve their rights to amend, supplement, or otherwise modify the Schedules to the extent additional

Guaranties are identified or such Guaranties are discovered to have expired or be unenforceable. In addition, the Debtors reserve the right to amend, supplement, or otherwise modify the Schedules and Statements and to re-characterize or reclassify any such contract or claim, whether by amending the Schedules and Statements or in another appropriate filing. Additionally, failure to list any Guaranties in the Schedules and Statements, including in any future amendments to the Schedules and Statements, shall not affect the enforceability of any Guaranties not listed.

In addition, certain claims listed on Schedule E/F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

40.   ***Schedule G***.   While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend, supplement or otherwise modify Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors issue purchase orders for goods, supplies, product, services, and related items. The Debtors consider unfulfilled, accepted purchase orders as executory contracts. Purchase orders are not listed individually on Schedule G as the disclosure of each purchase order open at the petition date is impractical and burdensome because the Debtors generally do not track purchase orders in this fashion. To the extent that goods, supplies, or product were delivered or services performed under purchase orders before the Petition Date, vendors' claims with respect to such delivered goods, supplies, or product and performed services are included on Schedule E/F. In the ordinary course of business, the Debtors may have issued numerous service orders or work orders pursuant to a master consulting agreement or master service agreement, which service orders or work orders are not listed individually on Schedule G. Each master consulting agreement or master service agreement listed on Schedule G shall include all

service orders or work orders entered into pursuant to such master agreement unless otherwise noted.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend, supplement or otherwise modify Schedule G as necessary. The inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held by the counterparty to such contract or lease, and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

## Specific Disclosures with Respect to the Debtors' Statements

1. ***Statement 3***.   Payments to the Debtors' bankruptcy professionals for work related to the bankruptcy, debt consolidation or restructuring, payments to potential insiders, and payments on account of intercompany transactions are not included in the payments to creditors. Payments to the aforementioned parties are included in the following locations within the Statements: bankruptcy professionals (Statement 11), potential insiders (Statement 4), and intercompany transactions (Statement 4). The listing of any individual or entity as an insider does not constitute an admission or determination that any such individual is or is not an insider.

   All disbursements listed in Statement 3 are made through the Debtors' cash management system, more fully described in the Cash Management Motion. Dates listed in Statement 3 reflect the dates upon which the Debtor transferred funds to the relevant payee or disbursing agent. The Debtors' cash management system includes disbursements in foreign, non-USD currencies. For purposes of converting foreign currency to USD for this report, conversions were done using spot rates at month-end in which the transfer of value occurred, per the Debtors' internal reporting.

2.  ***Statement 4***.   Statement 4 accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable. As described in the Cash Management Motion, in the ordinary course of business certain of the Debtor and non-Debtor entities and business divisions maintain business relationships with each other, resulting in intercompany receivables and payables (the "Intercompany Claims"). Instead of listing each of these numerous transactions and entries in their Schedules and Statements for each month, the Debtors have included monthly balances and net activity for the one year prior to the Petition Date. Any payments to another Debtor on account of Intercompany Claims are reflective of the difference between the opening balance and ending balance between June 1, 2022 and May 31, 2023. With respect to the Intercompany Claims between Debtors, Statement 4 reflects the book value adjustment of such transfers rather than an actual transfer of funds from one Debtor entity to another. The Debtors' cash management system includes disbursements in foreign, non-USD currencies. For purposes of converting foreign currency to USD for this report, conversions were done using spot rates at month-end in which the transfer of value occurred, per the Debtors' internal reporting.

    The listing of any individual or entity as an insider does not constitute an admission or a final determination that any such individual is or is not an insider.

3.  ***Statement 7***. The Debtors have not included workers' compensation claims in response to this question because the Debtors maintain that this disclosure would be in violation of certain laws, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

4.  ***Statement 9***.  The Debtors will periodically match donations from employees to various charities.

5.  ***Statement 11***. All payments for services of any entities that provided consultation concerning debt restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date were made by Wesco Aircraft Hardware Corp. and are, therefore, listed on the Statements of Wesco Aircraft Hardware Corp. These payments made by Wesco Aircraft Hardware Corp. were for the benefit of all Debtors. The Debtors have endeavored to list only payments made for debt restructuring services, however, these balances may include payments for services not related to restructuring or bankruptcy related matters. Additional information regarding the Debtors' retention of professionals is more fully described in the individual retention applications for those professionals.

6.  ***Statement 20***.  The Debtors hold inventory at multiple customer locations across the globe. Given the numerosity of these off-premise storage relationships it would be unduly burdensome to track person(s) with access to these facilities.

7.  ***Statement 25***. Certain information that pre-dates the combination of the Wesco and Pattonair businesses could not be attained by the Debtors.

8.  ***Statement 26d***.   The Debtors maintain a virtual data room which may from time-to-time house consolidated financial statements of the Debtors. In the ordinary course of business,

the Debtors may provide access to this virtual data room, or provide financial statements to financial institutions, customers, creditors, or other parties. Additionally, Debtor entities residing in the United Kingdom are required by law to file their statutory financial statements with the United Kingdom Companies House, which are publicly available online. The disclosure of each such party is impractical and burdensome as the Debtors generally do not track which parties access their virtual data rooms.

9.      ***Statement 27***.   The Debtors utilize cycle count, stock and replenish, and statistical sampling programs. Within these programs the Debtors do not perform a physical inventory, but rather count selections of inventory periodically throughout the year.

10.     ***Statement 30***.  Refer to Statement Question 4 for this item.

*     *     *

**Fill in this information to identify the case:**

Debtor name  Wolverine UK Holdco Limited

United States Bankruptcy Court for the:   Southern District of Texas, Houston Division

Case number (If known)  23-90683

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:   Income

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____<br>MM/DD/YYYY | to _____ | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| For prior year: | From _____<br>MM/DD/YYYY | to _____<br>MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| For the year before that: | From _____<br>MM/DD/YYYY | to _____<br>MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____<br>MM/DD/YYYY | to _____ | _____ | $ _____ |
| For prior year: | From _____<br>MM/DD/YYYY | to _____<br>MM/DD/YYYY | _____ | $ _____ |
| For the year before that: | From _____<br>MM/DD/YYYY | to _____<br>MM/DD/YYYY | _____ | $ _____ |

| Debtor | Wolverine UK Holdco Limited | Case number (If known) | 23-90683 |
|---|---|---|---|
| | Name | | |

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment).

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1 _____<br>Street _____<br>City        State        Zip Code | _____ | $ _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| 3.2 _____<br>Street _____<br>City        State        Zip Code | _____ | $ _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None   **See Attached Rider**

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1 _____<br>Street _____<br>City        State        Zip Code | _____ | $ _____ | _____ |
| **Relationship to debtor**<br>_____ | | | |
| 4.2 _____<br>Street _____<br>City        State        Zip Code | _____ | $ _____ | _____ |
| **Relationship to debtor**<br>_____ | | | |

| Debtor | Wolverine UK Holdco Limited | | Case number (if known) | 23-90683 |
|---|---|---|---|---|
| | Name | | | |

## 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 _____ | _____ | _____ | $ _____ |
| Street | | | |
| City          State          Zip Code | | | |
| 5.2 _____ | _____ | _____ | $ _____ |
| Street | | | |
| City          State          Zip Code | | | |

## 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |
| Street | | | |
| City          State          Zip Code | | | |

Last 4 digits of account number: XXXX - _____

---

**Part 3:**     Legal Actions or Assignments

## 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☐ None   **See Attached Rider**

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 _____ | _____ | _____ | ☐ Pending |
| | | Street | ☐ On appeal |
| Case number | | City          State          Zip Code | ☐ Concluded |
| 7.2 _____ | _____ | _____ | ☐ Pending |
| | | Street | ☐ On appeal |
| Case number | | City          State          Zip Code | ☐ Concluded |

---

Debtor   Wolverine UK Holdco Limited
         Name                                                          Case number (If known)   23-90683

---

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $ _____ |
| _____ | | |
| Street | **Case title** | **Court name and address** |
| _____ | _____ | |
| City        State        Zip Code | **Case number** | |
| | _____ | |
| | **Date of order or assignment** | |
| | _____ | |

---

**Part 4:   Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1 | _____ | _____ | _____ | $ _____ |
| | Street | _____ | | |
| | _____ | | | |
| | City        State        Zip Code | | | |
| | **Recipient's relationship to debtor** | | | |
| | _____ | | | |
| 9.2 | _____ | _____ | _____ | $ _____ |
| | Street | | | |
| | _____ | | | |
| | City        State        Zip Code | | | |
| | **Recipient's relationship to debtor** | | | |
| | _____ | | | |

---

**Part 5:   Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss <br> If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |
| _____ | _____ | | |

---

Debtor   Wolverine UK Holdco Limited
_____   Case number (If known)   23-90683
         Name

---

**Part 6:**      **Certain Payments or Transfers**

11.  **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | | | | $ |
| | **Address** | | | |
| | _____ Street | | | |
| | _____ City          State          Zip Code | | | |
| | **Email or website address** _____ | | | |
| | **Who made the payment, if not debtor?** _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2 | | | | $ |
| | **Address** | | | |
| | _____ Street | | | |
| | _____ City          State          Zip Code | | | |
| | **Email or website address** _____ | | | |
| | **Who made the payment, if not debtor?** _____ | | | |

12.  **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $ |
| **Trustee** | | | |

---

Debtor   Wolverine UK Holdco Limited                                          Case number (If known)   23-90683
         Name

---

13. **Transfers not already listed on this statement**

List any transfers of money or other property-by sale, trade, or any other means-made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | $ |
| **Address** | | | |
| | | | |
| Street | | | |
| City          State          Zip Code | | | |
| **Relationship to debtor** | | | |
| | | | |

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.2 | | | $ |
| **Address** | | | |
| | | | |
| Street | | | |
| City          State          Zip Code | | | |
| **Relationship to debtor** | | | |
| | | | |

## Part 7:   Previous Locations

14. **Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of Occupancy | | | |
|---|---|---|---|---|
| 14.1 24911 AVENUE STANFORD VALENCIA, CA 91355 UNITED STATES | From | 2010 | To | 2020 |
| 14.2 UNIT 1, PRIDE PARK VIEW DERBY, DE24 8AN UNITED KINGDOM | From | 06/08/2018 | To | 06/08/2021 |

---

Debtor   Wolverine UK Holdco Limited
_____      Case number (If known)   23-90683
Name

---

**Part 8:   Health Care Bankruptcies**

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 _____ Street _____ City    State    Zip Code | _____ | _____ |
| **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. _____ _____ | **How are records kept?** *Check all that apply:* ☐ Electronically  ☐ Paper | |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2 _____ Street _____ City    State    Zip Code | _____ | _____ |
| **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. _____ | **How are records kept?** *Check all that apply:* ☐ Electronically  ☐ Paper | |

---

**Part 9:   Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.

See Debtor's website for a full list of information collected - https://www.incora.com/privacy-policy

Does the debtor have a privacy policy about that information?
☐ No
☑ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.
☐ Yes. Fill in below

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: _____ |

Has the plan been terminated?
☐ No
☐ Yes

---

Debtor   Wolverine UK Holdco Limited

Name

Case number (If known)   23-90683

---

**Part 10:**    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, old, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 _____<br>Street _____<br>City ____ State ____ Zip Code | XXXX-_____ | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other _____ | _____ | $ _____ |
| 18.2 _____<br>Street _____<br>City ____ State ____ Zip Code | XXXX-_____ | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other _____ | _____ | $ _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Street _____<br>City ____ State ____ Zip Code | _____<br><br>**Address**<br>_____<br>_____ | _____<br>_____ | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Street _____<br>City ____ State ____ Zip Code | _____<br><br>**Address**<br>_____<br>_____ | _____<br>_____ | ☐ No<br>☐ Yes |

Official Form 207      **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**     

Debtor   Wolverine UK Holdco Limited      Case number (If known)  23-90683

Name

---

## Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own

**21.  Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
|  |  |  | $ |
| Street |  |  |  |
| City          State          Zip Code |  |  |  |

---

## Part 12:  Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
|  |  |  | ☐ Pending |
| **Case Number** | Street |  | ☐ On appeal |
|  | City          State          Zip Code |  | ☐ Concluded |

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
|  |  |  |  |
| Street | Street |  |  |
| City          State          Zip Code | City          State          Zip Code |  |  |

---

| Debtor | Wolverine UK Holdco Limited | Case number (If known) | 23-90683 |
|---|---|---|---|
| | Name | | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Street | Street | | |
| City            State            Zip Code | City            State            Zip Code | | |

---

**Part 13:   Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 PATTONAIR HOLDINGS LIMITED ASCOT BUSINESS PARK 50 LONGBRIDGE LANE DERBY, ENGLAND, DE24 8UJ UNITED KINGDOM | Incora Entity | EIN: _____ |
| | | **Dates business existed** |
| | | From 02/10/2011      To  Present |

| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| 25.2 | | EIN: _____ |
| | | **Dates business existed** |
| | | From _____      To  _____ |

| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| 25.3 | | EIN: _____ |
| | | **Dates business existed** |
| | | From _____      To  _____ |

Debtor   Wolverine UK Holdco Limited
_____     Case number (If known)   23-90683
Name

26.  **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None   **See Attached Rider**

| Name and address | Dates of service |
|---|---|
| 26a.1 _____ | From _____ To _____ |
| Street _____ | |
| City _____ State _____ Zip Code _____ | |

| Name and address | Dates of service |
|---|---|
| 26a.2 _____ | From _____ To _____ |
| Street _____ | |
| City _____ State _____ Zip Code _____ | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1 BDO LLP<br>CENTRAL SQUAIRE<br>29 WELLINGTON STREET<br>LEEDS, LS1 4DL<br>UNITED KINGDOM | From 06/01/2021  To Present |

| Name and address | Dates of service |
|---|---|
| 26b.2 PRICEWATERHOUSECOOPERS LLP<br>1 CHAMBERLAIN SQUARE<br>BIRMINGHAM, B3 3AX<br>UNITED KINGDOM | From 12/01/2005  To Present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None   **See Attached Rider**

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 _____ | _____ |
| Street _____ | _____ |
| City _____ State _____ Zip Code _____ | |

Official Form 207         **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**         Page **11**

Debtor   Wolverine UK Holdco Limited
_____
Name                                                    Case number (If known)   23-90683

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|

26c.2 _____     _____
       Street                                                        _____

       _____
       City                    State                    Zip Code

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None   **Please Refer to Global Note**

| Name and address |
|---|

26d.1 _____
       Street

       _____
       City                    State                    Zip Code

| Name and address |
|---|

26d.2 _____
       Street

       _____
       City                    State                    Zip Code

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records |
|---|

27.1 _____
     Street

     _____
     City                    State                    Zip Code

Debtor   Wolverine UK Holdco Limited
         Name                                                                    Case number (if known)   23-90683

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.2 |
| Street |
| City                State                Zip Code |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **See Attached Rider** | | | |
| | | | |
| | | | |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **See Attached Rider** | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 **Please Refer to SOFA Question 4.** | | | |
| Street | | | |
| City         State         Zip Code | | | |
| **Relationship to debtor** | | | |

Debtor   Wolverine UK Holdco Limited
         Name
                                                          Case number (If known)   23-90683

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.2 | | | | |
| | Street | | | |
| | City          State          Zip Code | | | |

| Relationship to debtor |
|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: |

---

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/07/2023
              MM / DD / YYYY

X /s/ Raymond Carney                                  Printed name   Raymond Carney
Signature of individual signing on behalf of the debtor

Position or relationship to debtor   Authorized Signatory

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No
☑ Yes

---

Debtor Name: Wolverine UK Holdco Limited

Case Number: 23-90683

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 4:** Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Debtor | Ending Balance Description | Trading Partner | Balance - May 31 2022 Receivable (Payable) | Balance - May 31 2023 Receivable (Payable) | Net Year Activity Increase (Decrease) |
|---|---|---|---|---|---|
| Wolverine UK Holdco Limited | Intercompany Notes Payable To | Wesco Aircraft Holdings, Inc. | ($335,281,244.43) | ($335,281,244.45) | ($0.02) |
| Wolverine UK Holdco Limited | Intercompany Trade Receivable From | Wesco Aircraft Holdings, Inc. | $0.01 | $0.01 | ($0.00) |

Debtor Name:  Wolverine UK Holdco Limited                                                                    Case Number:  23-90683

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case Number | Nature of Case | Court Name and Address | Status |
|---|---|---|---|---|
| LANGUR MAIZE L.L.C. V. PLATINUM EQUITY ADVISORS, LLC ET AL | 651548/2023 | LITIGATION REGARDING 2022 LIQUIDITY TRANSACTION AND RESULTING CAPITAL STRUCTURE | SUPREME COURT OF THE STATE OF NEW YORK, NEW YORK COUNTY 60 CENTRE ST NEW YORK, NY 10007 | Pending |
| SSD INVESTMENTS LTD. ET AL. V. WILMINGTON SAVINGS FUND SOCIETY, FSB ET AL. | 654068/2022 | LITIGATION REGARDING 2022 LIQUIDITY TRANSACTION AND RESULTING CAPITAL STRUCTURE | SUPREME COURT OF THE STATE OF NEW YORK, NEW YORK COUNTY 60 CENTRE ST NEW YORK, NY 10007 | Pending |

Debtor Name:  Wolverine UK Holdco Limited                                                                                          Case Number:  23-90683

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26a:** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name and Address | From | To |
|---|---|---|
| CARNEY, RAYMOND<br>2601 MEACHAM BLVD.<br>SUITE 400<br>FORT WORTH, TX 76137 | 2021 | Present |
| MONJOY, CHRIS<br>2601 MEACHAM BLVD<br>SUITE 400<br>FORT WORTH, TX 76137 | 2017 | 2021 |
| SOUARE, SEGA<br>2601 MEACHAM BLVD<br>SUITE 400<br>FORT WORTH, TX 76137 | 2021 | 05/31/2023 |

Debtor Name:  Wolverine UK Holdco Limited                                                                                                    Case Number:  23-90683

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26c:** Firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

| Name and Address | If unavailable, why? |
|---|---|
| BDO LLP<br>CENTRAL SQUAIRE<br>29 WELLINGTON STREET<br>LEEDS, LS1 4DL UNITED KINGDOM | |
| CARNEY, RAYMOND<br>2601 MEACHAM BLVD.<br>SUITE 400<br>FORT WORTH, TX 76137 | |
| PRICEWATERHOUSECOOPERS LLP<br>1 CHAMBERLAIN SQUARE<br>BIRMINGHAM, B3 3AX UNITED KINGDOM | |

Debtor Name:  Wolverine UK Holdco Limited                                                                                     Case Number:  23-90683

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 28:** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position | % Interest |
|---|---|---|---|
| HOLLINSHEAD, WAYNE RICHARD | 2601 MEACHAM BLVD.<br>SUITE 400<br>FORT WORTH, TX 76137 | DIRECTOR | |
| LANDRY, DAWN | 2601 MEACHAM BLVD.<br>SUITE 400<br>FORT WORTH, TX 76137 | DIRECTOR | |
| WESCO AIRCRAFT HOLDINGS, INC. | 2601 MEACHAM BLVD.<br>SUITE 400<br>FORT WORTH, TX 76137 | SOLE MEMBER | 100 |

Debtor Name:  Wolverine UK Holdco Limited                                                    Case Number:  23-90683

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 29:** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Name | Address | Position | Start | End |
|------|---------|----------|-------|-----|
| DOWNIE, IAN MICHAEL STUART | 100 NEW BRIDGE STREET LONDON, ENGLAND, EC4V 6JA UNITED KINGDOM | FORMER DIRECTOR | 08/06/2018 | 04/03/2023 |
| KALAWSKI, EVA M. | 360 N CRESCENT DR. SOUTH BUILDING BEVERLY HILLS, CA 90210 | FORMER DIRECTOR | 08/06/2018 | 04/03/2023 |
| SIGLER, MARY ANN | 360 N CRESCENT DR. SOUTH BUILDING BEVERLY HILLS, CA 90210 | FORMER DIRECTOR | 08/06/2018 | 04/03/2023 |