**EXHIBIT A**

**REDLINE OF REVISED PROPOSED ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| *In re*<br><br>**WESCO AIRCRAFT HOLDINGS, INC.,**<br>*et al.,*[1]<br><br>Debtors. | Case No. ~~23-23-90611~~**23-90611** (MI)<br><br>Chapter 11<br><br>(Jointly Administered) |

# ORDER APPROVING
# CLAIM OBJECTION AND SETTLEMENT PROCEDURES

## (RELATED TO DOCKET NO. 918)

---

[1] The Debtors operate under the trade name Incora and have previously used the trade names Wesco, Pattonair, Haas, and Adams Aviation. A complete list of the Debtors in these chapter 11 cases, with each one's federal tax identification number and the address of its principal office, is available on the website of the Debtors' noticing agent at http://www.kccllc.net/incora/. The service address for each of the Debtors in these cases is 2601 Meacham Blvd., Ste. 400, Fort Worth, TX 76137.

Upon the motion (the "**Motion**"),[2] of the above-captioned debtors (collectively, the "**Debtors**"), for entry of an order (this "**Order**") (a) approving procedures, including the form of notice, for omnibus claim objections lodged by the Debtors, (b) approving procedures, including the form of notice, for the Debtors to inform claimants that their claims have been satisfied in full, and (c) approving procedures for settlement of certain claims; and the Court having jurisdiction to decide the Motion and to enter this Order pursuant to 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, such notice being adequate and appropriate under the circumstances; and after notice and a hearing, as defined in section 102 of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Motion and in the record establish just cause for entry of this Order; and it appearing that entry of this Order is in the best interests of the Debtors' estates; it is hereby **ORDERED** that:

1.      The Claim Objection Procedures are approved, including the form of Claim Objection Notice, as set forth herein. Bankruptcy Rule 3007 is accordingly modified as follows, with respect to objections filed by the Debtors (or the reorganized Debtors) against filed or scheduled claims:

a.   The Debtors may file omnibus objections against multiple filed or scheduled claims on one or more of the Additional Grounds[3] or the grounds set forth in Bankruptcy Rule 3007(d).

---

[2]   Capitalized terms used but not defined in this Order have the meanings ascribed to them in the Motion.

[3]   Additional Grounds include:

1.   the claim is inconsistent with the Debtors' books and records, as described in the omnibus objection;

2.   the claim is incorrectly or improperly classified;

3.   the claim was filed by a bondholder or lender and it is duplicative of a claim filed by an indenture trustee or administrative agent;

4.   the claim fails to specify the basis for the claim;

5.   the claim is disallowable under a specified paragraph of section 502(b) or under section 503(c)(2) of the Bankruptcy Code;

    **b.**  **Any objection shall include reasonable specificity as to the basis for the objection and shall be supported by a declaration that provides a factual basis for the objection.**

    **c.**  ~~b.~~ Notice and service of claim objections shall be limited to (i) delivery of each claim objection, including any omnibus ~~claim~~ objection, by mail to the U.S. Trustee and by email to counsel to the Committee and the First Lien Noteholder Group, (ii) service of a Claim Objection Notice, in substantially the form attached to this Order as **Exhibit 1**, on each claimant ~~affected by~~**subject to** an omnibus objection (and on each such claimant's counsel, if ~~one has appeared in the Chapter 11 Cases~~**listed on the Claimant's Proof of Claim**); and (iii) **in the case of an objection other than an omnibus objection,** service of a complete copy of ~~each non-omnibus claim~~**the** objection on the affected claimant (and on the claimant's counsel, if ~~one has appeared in the Chapter 11 Cases~~**listed on the Claimant's Proof of Claim**).

~~2. Any Response to any Omnibus Objection shall be filed and served on the following parties within 30 days of the corresponding Omnibus Objection filing date:~~

    **2.**  ~~a.~~ **Each Response to an omnibus objection shall, within 30 days following the filing date of the corresponding omnibus objection, be filed with the Court electronically at http://ecf.txsb.uscourts.gov/ under the above-captioned case and mailed to** counsel to the Debtors~~:~~ **at** (~~i~~**a**) Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Dennis F. Dunne (~~DDunne@Milbank.com~~**DDunne@Milbank.com**), Samuel A. Khalil (SKhalil@Milbank.com), and Benjamin M. Schak (~~BSchak@Milbank.com~~**BSchak@Milbank.com**)**,** and (~~ii~~**b**) Haynes and

    **6.**  **the claim fails to specify an asserted amount (or only lists the claim amount as "unliquidated");**

    **7.**  **the claim is filed against a non-Debtor;**

    **8.**  **the claim is improperly filed against multiple Debtors;**

    **9.**  **the claim improperly fails to specify a Debtor against which it is asserted;**

    **10.**  **the claim was paid prepetition or paid postpetition pursuant to an order entered by the Court;**

    **11.**  **the claim has been satisfied by one of the Debtors' insurers or by another third party;**

    **12.**  **the claim seeks recovery of amounts for which the Debtors are not the liable party;**

    **13.**  **the claim has been waived or withdrawn by agreement with the Debtors or through the entry of a Court order;**

    **14.**  **the claim is barred by a statute of limitations or a statute of repose; or**

    **15.**  **are disallowed pursuant to, or asserted in an amount, priority, or on terms that are otherwise inconsistent with, the Plan.**

Boone LLP, 1221 McKinney Street, Suite 4000, Houston, TX 77010, Attn: Charles A. Beckham, Jr. (Charles.Beckham@HaynesBoone.com), Patrick L. Hughes (Patrick.Hughes@HaynesBoone.com), and Kelli S. Norfleet (Kelli.Norfleet@HaynesBoone.com);.

> b. counsel to the Official Committee of Unsecured Creditors: (i) Morrison & Foerster LLP, Attn: Lorenzo Marinuzzi (LMarinuzzi@MoFo.com), Theresa Foudy (TFoudy@MoFo.com), Michael Birnbaum (MBirnbaum@MoFo.com), Benjamin Butterfield (BButterfield@MoFo.com), and Raff Ferraioli (RFerraioli@MoFo.com) and (ii) McDermott Will & Emery, Attn: Chuck Gibbs (crgibbs@mwe.com), Kristin Going (kgoing@mwe.com) and Jack Haake (jhaake@mwe.com);

> c. counsel to the First Lien Noteholder Group: Davis Polk & Wardwell LLP, Attn: Damian Schaible (Damian.Schaible@DavisPolk.com), Angela Libby (Angela.Libby@DavisPolk.com), and Stephanie Massman (Stephanie.Massman@DavisPolk.com); and

> d. the Office of the U.S. Trustee, 515 Rusk, Suite 3516, Houston, TX 77002, Attn: Jayson Ruff (Jayson.B.Ruff@USDOJ.gov).

3.    Each Response to an ~~Omnibus Objection~~**omnibus objection** shall contain the following information:

> a. A caption with the name of the Court, the name of the Debtors, the case number, and the title of the ~~Omnibus Objection~~**omnibus objection**.

> b. A concise statement setting forth the reasons why the Court should not sustain the ~~Omnibus Objection~~**omnibus objection** with respect to the claim, including the specific factual and legal bases upon which the claimant relies in opposing the ~~Omnibus Objection~~**omnibus objection**.

> c. ~~Copies of~~**At the claimant's election, any further information,** documentation ~~and any~~**or** other evidence **that the claimant wishes to provide** in support of the claim and the Response**, to the extent not already included with the Proof of Claim**. A claimant may ~~omit any documentation that it previously filed with its proof of claim. A claimant may~~ omit from the public filing any confidential, proprietary, or other protected information, but must provide copies of any such information to the Debtors.

    d.   A declaration or other statement of ~~a person with personal knowledge of~~ the relevant facts that support the Response.

    e.   The following contact information:

        i.   the name, address, telephone number, and email address of the responding claimant or an attorney or designated representative on whom the Debtors' attorneys should serve any reply to the Response; ~~or~~**and**

        ii.   **if different from the above,** the name, address, telephone number, and email address of a person with authority to reconcile, settle, or resolve the ~~Omnibus Objection~~**omnibus objection** on behalf of the claimant.

4.      Except as modified by this Order or a subsequent order, any claim objection (including any omnibus ~~claim~~ objection) and any subsequent briefing on a claim objection shall comply with Bankruptcy Rule 3007(e) and Local Rule 3007-1 and all other Bankruptcy Rules and Local Rules. ~~The Debtors may, at their discretion, file and serve an objection (including an omnibus objection) in compliance with all applicable Bankruptcy Rules and Local Rules and without regard to the procedural modifications set forth above.~~

5.      Unless otherwise ordered by the Court, any order sustaining or overruling an omnibus objection shall be a final order with respect to each claim referenced in the order, as if an individual objection had been filed for each such claim and has been ruled sustained or overruled by the Court.

6.      The Claim Satisfaction Procedures are approved, including the form of Claim Satisfaction Notice, as set forth herein. The Debtors are authorized to serve a Claim Satisfaction Notice, in substantially the form attached to this Order as **Exhibit 2**, on any claimant whose claim has been satisfied in full or in part. Any such Claim Satisfaction Notice shall be filed with the Court **by the Debtors** and shall:

    a.   state in a conspicuous place that claimants receiving the Claim Satisfaction Notice should locate their name and claim(s) **on the Claim Satisfaction Notice**;

    b.   notify claimants, in language derived from Local Rule 3007-1(b)–(c) that their claims ~~may~~**will** be disallowed if they do not ~~object~~**file a response to the Claim Satisfaction Notice** within 30 days;

    c.   list claimants alphabetically, provide cross-references to claim numbers, list the date the proof of claim was filed, list the amount of the claim, and list the classification of the claim as secured, priority unsecured or general unsecured;

    d.   be numbered consecutively with other Claim Satisfaction Notices;

    e.   describe the process to contest the Claim Satisfaction Notice; and

    f.   provide instructions to obtain further information from the Claims Agent's website.

7.    Any claimant that ~~believes~~**contends** its claim has not been satisfied shall ~~so notify counsel to the Debtors in writing~~**,** within 30 days ~~of service of a~~**following the filing date of the** Claim Satisfaction Notice**, file a response with the Court electronically at http://ecf.txsb.uscourts.gov under the above-captioned case, and send a copy to counsel for the Debtors at the email addresses or addresses set forth in paragraph 2 of this Order**. If a claimant ~~so~~ notifies counsel to the Debtors ~~in writing~~**via electronic filing that the Claim Satisfaction Notice is disputed**, then the Claim Satisfaction Notice will have no effect, and the ~~claimant's~~ claim may be subject to further objection.

**8.**    If a claimant does not ~~so notify the Debtors (or if, following discussions with Debtors' counsel, the claimant agrees that its claim has been satisfied), then the claimant's~~**file a response in conformity with paragraph 7 of this Order, then the Debtors shall thereafter promptly file a Certificate of No Response stating that the Claim Satisfaction Notice is unopposed. Upon the filing of the Certificate of No Response on the docket, the** claim ~~will~~**shall** be disallowed without further ~~notice or~~ order of the Court ~~and~~**,** the Debtors and their Claim Agent ~~may~~**shall** mark the ~~claimant's~~ claim as disallowed on the claims register ~~without further notice~~.

**9.** ~~8.~~ Each response to a Claim Satisfaction Notice shall contain the following information:

    a. The claim number of any claim that the claimant believes has not been satisfied.

    b. A declaration ~~or other statement of a person with personal knowledge~~ of the relevant facts ~~to the effect that~~**describing why** the claim has not been satisfied.

    c. the name, address, telephone number, and email address of a person with authority to reconcile, settle, or resolve the claim on behalf of the claimant.

**10.** ~~9.~~ The De Minimis Claims Settlement Procedures are approved as follows:

    a. The Debtors, with prior written consent of the Committee and the First Lien Noteholder Group (email from counsel being sufficient), may settle any claim without prior notice to or approval of the Court or any other party in interest, where (i) 100% of the settlement consideration will be provided by an insurer, (ii) the claimant waives all related claims against the Debtors, their estates, and related entities, (iii) the claimant agrees to enforce the allowed amount solely against and collect the allowed amount solely from insurance proceeds, and (iv) the allowed amount is less than or equal to $5,000,000.

    b. The Debtors may settle any claim, without prior notice to or approval of the Court or any other party in interest, where (i) the claim is allowed solely as a general unsecured claim against a Debtor or Debtors that are organized in the United States or the United Kingdom, (ii) the allowed amount is less than or equal to $200,000, and (iii) except with prior written consent of the Committee and the First Lien Noteholder Group (email from counsel being sufficient) the aggregate amount of claims settled pursuant to this paragraph does not exceed $10,000,000.

    c. The Debtors may settle any claim, without prior notice to or approval of the Court, where (i) the allowed amount is less than or equal to $5,000,000, (ii) at least 10 business days' notice is provided to counsel to the Committee and the First Lien Noteholder Group, and (iii) the Committee and the First Lien Noteholder Group notify the Debtors in writing (email from counsel being sufficient) that they have no objections to or reservations concerning the proposed settlement.

    d. The Debtors may, with prior written consent of the Committee and the First Lien Noteholder Group (email from counsel being sufficient), as part of a settlement authorized under the De Minimis Claim

Settlement Procedures, agree to release or set off claims against creditors or third parties.

e. No later than 20 days after the end of each full month following entry of the Proposed Order, the Debtors shall provide the Committee, the First Lien Noteholder Group and the U.S. Trustee with a report of all settlements entered into during the previous period pursuant to the De Minimis Claim Settlement Procedures, indicating the claimant names, the claim numbers, and the amount and class of the allowed claim. The Debtors shall provide the advisors to the Committee and the First Lien Noteholder Group with reasonable access to the Debtors and their advisors with respect to such report and any settlements entered into pursuant to the De Minimis Claim Settlement Procedures.

f. The De Minimis Claim Settlement Procedures shall not apply to any claim by or against an insider, an affiliate of the Debtors, Platinum Equity Advisors, LLC or any of its affiliates, or any other non-Debtor party in the Adversary Proceeding pending before this Court, Adv. Pro. No. 23-03091 (MI).

g. Nothing in the De Minimis Claim Settlement Procedures shall prevent the Debtors from (i) filing a separate motion to approve a settlement pursuant to Bankruptcy Rule 9019 or (ii) paying any amount pursuant to other orders of the Court (including first-day orders) or pursuant to the Bankruptcy Code.

h. Notwithstanding anything to the contrary in the De Minimis Claim Settlement Procedures, no Debtor shall make any payment on account of any settlement under these De Minimis Claim Settlement Procedures, **or enter into a settlement that requires such a payment,** without obtaining the prior written consent of the Committee and the First Lien Noteholder Group (email from counsel being sufficient).

**11.** ~~10.~~ As part of any settlement authorized under the De Minimis Claim Settlement Procedures, the Debtors are permitted to enter into a stipulation to modify the automatic stay of section 362(a) of the Bankruptcy Code, to allow claimants to prosecute litigation that is or may be covered by the Debtors' insurance, so long as (a) each such claimant (i) irrevocably waives all related claims against the Debtors, their estates, and related entities except to the extent covered by insurance and (ii) agrees to enforce its claim (including any judgment ~~on account of its claim~~**of an amount not to exceed $5,000,000**) solely against and collect on its claim solely from insurance proceeds, and (b) the Committee and the First Lien Noteholder Group consents in writing (email

from counsel being sufficient). Any such stipulation shall be effective upon its filing with the Court, without further notice to or approval of the Court or any party in interest.

**12.** ~~11.~~ Nothing in this Order or in the Motion or any actions taken pursuant to this Order shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) an admission that any claim is or is not covered by the Debtors' insurance; (h) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (i) a limitation on the Debtors' authority to pay claims to the extent permitted by the Bankruptcy Code or by other orders of the Court; or (j) an obligation upon the Debtors to settle or pursue a settlement of any claim or to agree to modify the automatic stay with respect to any claim. **For the avoidance of doubt, objection to a claim on a particular ground in an omnibus objection does not constitute a waiver of the Debtors' rights to object to the same claim on any other basis, either within the same omnibus objection or by a subsequent objection.**

**13.** ~~12.~~ Notwithstanding the relief granted in this Order, all authorizations herein and all payments and actions pursuant thereto shall be subject to the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 396] (the "***DIP Order***"), including compliance with any budget or cash flow forecast

in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Order or the DIP Documents (as defined in the DIP Order). To the extent there is any inconsistency between the terms of the DIP Order and the terms of this Order, the terms of the DIP Order shall control.

**14.** ~~13.~~ Notwithstanding any provision of the Bankruptcy Rules or Local Rules, the terms of this Order shall be immediately effective and enforceable upon its entry.

**15.** ~~14.~~ The Debtors and their agents are authorized to take all steps necessary or appropriate to carry out this Order.

**16.** ~~15.~~ The Court shall retain jurisdiction over all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: _____
Houston, Texas

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1 to Claim Objection
# and Settlement Procedures Order

## Objection Notice

# IN ~~THE~~ THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| *In re* | Case No. 23-90611 (MI) |
| **WESCO AIRCRAFT HOLDINGS, INC.,** | Chapter 11 |
| *et al.*,[1] | (Jointly Administered) |
| Debtors. | |

# NOTICE OF DEBTORS'
# [#] OMNIBUS CLAIM OBJECTION

> **This is a notice of an objection to your claim. The objection asks the Court to [disallow/ reclassify/reduce/subordinate] the claim that you filed in this bankruptcy case. If you do not file or serve a ~~response~~Response at or before the date and time set forth below, your claim may be [disallowed/reclassified/reduced/subordinated] without a hearing. Therefore, please read this notice carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.**

The above-captioned Debtors have filed an omnibus objection (the "***Omnibus Objection***") through which the Debtors are seeking to **[disallow/reclassify/reduce/subordinate]** your claim(s) listed in the table attached to this notice on the grounds that your claim(s) is/are [*DESCRIPTION OF GROUNDS*]. The claim(s) subject to the Omnibus Objection may also be found on the schedules attached to the Omnibus Objection. A copy of which is available at https://www. kccllc.net/incora.

---

[1]  The Debtors operate under the trade name Incora and have previously used the trade names Wesco, Pattonair, Haas, and Adams Aviation. A complete list of the Debtors in these chapter 11 cases, with each one's federal tax identification number and the address of its principal office, is available on the website of the Debtors' noticing agent at http://www.kccllc.net/incora/. The service address for each of the Debtors in these cases is 2601 Meacham Blvd., Ste. 400, Fort Worth, TX 76137.

## How to Respond to the Objection

If you disagree with the Omnibus Objection filed with respect to your claim, you must file and serve a response (each, a "***Response***") and appear at an initial hearing in accordance with the procedures described below.

*Response Contents.*    Your Response must contain at least the following information:

a.  A caption with the name of the Court, the name of the Debtors, the case number, and the title of the Omnibus Objection.

b.  A concise statement setting forth the reasons why the Court should not sustain the Omnibus Objection with respect to your claim, including the specific factual and legal bases upon which you rely in opposing the Omnibus Objection.

c.  ~~Copies of~~**At your election, any further information,** documentation ~~and any~~**or** other evidence **that you wish to provide** in support of ~~your~~**the** claim and the Response**, to the extent not already included with the Proof of Claim**. You may ~~omit any documentation that you previously filed with your proof of claim. You may~~ omit from the public filing any confidential, proprietary, or other protected information, but ~~you~~ must provide copies of any such information to the Debtors.

d.  A declaration or other statement of ~~a person with personal knowledge of~~ the relevant facts that support the Response.

e.  The following contact information:

   i.  the name, address, telephone number, and email address of the responding claimant or an attorney or designated representative on whom the Debtors' attorneys should serve any reply to the Response; ~~or~~**and**

   ii.  **if different from the above,** the name, address, telephone number, and email address of a person with authority to reconcile, settle, or resolve the Omnibus Objection on behalf of the claimant.

*Notice and Service.*   Your Response must be filed with the Court **electronically at http://ecf.txsb.uscourts.gov** and served so as to be actually received by 4:00 p.m. (prevailing Central Time) on [•], 2023 (the "***Response Deadline***"). Your Response must be served by the Response Deadline on each of the following **counsel to the Debtors**:

- ~~counsel to the Debtors: (a)~~ Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Dennis F. Dunne (DDunne@Milbank.com), Samuel A. Khalil (SKhalil@Milbank.com), and Benjamin M. Schak (BSchak@Milbank.com)**;** ~~and (b)~~

- Haynes and Boone LLP, 1221 McKinney Street, Suite 4000, Houston, TX 77010, Attn: Charles A. Beckham, Jr. (Charles.Beckham@HaynesBoone.com), Patrick L.

Hughes (Patrick.Hughes@HaynesBoone.com), and Kelli S. Norfleet (Kelli.Norfleet@HaynesBoone.com)~;~

- ~counsel to the Official Committee of Unsecured Creditors: (a) Morrison &
  Foerster LLP, Attn: Lorenzo Marinuzzi (LMarinuzzi@MoFo.com), Theresa
  Foudy (TFoudy@MoFo.com), Michael Birnbaum (MBirnbaum@MoFo.com),
  Benjamin Butterfield (BButterfield@MoFo.com), and Raff Ferraioli
  (RFerraioli@MoFo.com) and (b) McDermott Will & Emery, Attn: Chuck Gibbs
  (crgibbs@mwe.com), Kristin Going (kgoing@mwe.com) and Jack Haake
  (jhaake@mwe.com);~

- ~counsel to the First Lien Noteholder Group: Davis Polk & Wardwell LLP, Attn:
  Damian Schaible (Damian.Schaible@DavisPolk.com), Angela Libby (Angela.
  Libby@DavisPolk.com), and Stephanie Massman (Stephanie.Massman@
  DavisPolk.com); and~

- ~the Office of the U.S. Trustee, 515 Rusk, Suite 3516, Houston, TX 77002, Attn:
  Jayson Ruff (Jayson.B.Ruff@USDOJ.gov).~

*Failure to Respond.*   A Response that is not filed and served in accordance with the procedures set forth above may not be considered by the Court. **If you do not file and serve a timely Response or if you do not appear at the Initial Hearing scheduled with regard to your Response, the Court may sustain the Omnibus Objection and [disallow/reclassify/reduce/ modify] your claim without further notice or hearing.** You will be served with any order sustaining the Omnibus Objection against your claim.

## INITIAL HEARING

*Date, Time, and Location.*   If you file a Response and it cannot be resolved with the Debtors, a hearing (the "***Initial Hearing***") on the Omnibus Objection will be scheduled before the Honorable Marvin Isgur, United States Bankruptcy Judge, in Courtroom 404, 515 Rusk, Houston, Texas 77002. The Initial Hearing may be adjourned in the Debtors' sole discretion and with notice to the affected party. **You must attend the Initial Hearing if you disagree with the Omnibus Objection and have filed a Response that has not been resolved prior to the Initial Hearing.**

*Discovery.*   Unless otherwise ordered by the Court or by consent of the parties, the Initial Hearing will be a non-evidentiary scheduling conference, during which the parties will request that the Court issue a scheduling order to facilitate resolution of the Objection. The failure of either party to appear at the Initial Hearing may result in the summary disposition of the objection. Agreed orders may be presented at the Initial Hearing or filed prior to the Initial Hearing.

## FURTHER INFORMATION

Copies of the Omnibus Objection and all other pleadings filed in these chapter 11 cases are available at no cost at the website of the Debtors' Claims and Noticing Agent at https://www. kccllc.net/incora. You may also obtain copies of any of the pleadings filed in these chapter 11 cases for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("***PACER***") are required

to access this information and can be obtained through the PACER Service Center at http://pacer. uscourts.gov. **Please do not contact the Court to discuss the merits of any claim or any objection filed against a claim.**

Dated: [•], 2023

Respectfully submitted,

*/s/ DRAFT*

Charles A. Beckham, Jr. (TX Bar No. 02016600)
Patrick L. Hughes (TX Bar No. 10227300)
Kelli S. Norfleet (TX Bar No. 24070678)
Martha Wyrick (TX Bar No. 24101606)
Re'Necia Sherald (TX Bar No. 24121543)

HAYNES AND BOONE, LLP

1221 McKinney Street, Suite 4000
Houston, TX  77010
Telephone: 1 (713) 547-2000
Email:     Charles.Beckham@HaynesBoone.com
            Patrick.Hughes@HaynesBoone.com
            Kelli.Norfleet@HaynesBoone.com
            Martha.Wyrick@HaynesBoone.com
            ReNecia.Sherald@HaynesBoone.com

- and -

Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)

MILBANK LLP

55 Hudson Yards
New York, NY  10001
Telephone: 1 (212) 530-5000
Email:     DDunne@Milbank.com
            SKhalil@Milbank.com
            BSchak@Milbank.com

*Counsel to the Debtors*
*and Debtors in Possession*

# EXHIBIT 2 TO CLAIM OBJECTION
# AND SETTLEMENT PROCEDURES ORDER

## SATISFACTION NOTICE

# In The United States Bankruptcy Court for the Southern District of Texas Houston Division

| | |
|---|---|
| *In re*<br><br>**Wesco Aircraft Holdings, Inc.,**<br>*et al.*,[1]<br><br>Debtors. | Case No. 23-90611 (MI)<br><br>Chapter 11<br><br>(Jointly Administered) |

# Debtors' [#] Omnibus Notice of Satisfaction of Claims

> **You should locate your name and your claim(s) on the schedules attached hereto. Please take notice that your claim(s) may be disallowed from the claim register if you do not contest this Notice of Satisfaction. Therefore, please read this notice carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") have identified you as holding the below claim(s) against the Debtors which have been satisfied according to the Debtors' books and records. The Debtors are seeking to disallow your claim(s) listed in the table at the end of this notice **(this "*Notice of Satisfaction*")** on the grounds that your claim(s) have been satisfied.

**Your claim(s) will be disallowed if you do not ~~respond~~file a Response to this Notice of Satisfaction with the Court electronically at http://ecf.txsb.uscourts.gov on or before [•].**

## How to Respond to This Notice

If you believe that your Claim(s) have not been satisfied, you must notify counsel to the Debtors that you disagree with this notice. ~~Your~~You must file and serve a response **(each, a**

---

[1]    The Debtors operate under the trade name Incora and have previously used the trade names Wesco, Pattonair, Haas, and Adams Aviation. A complete list of the Debtors in these chapter 11 cases, with each one's federal tax identification number and the address of its principal office, is available on the website of the Debtors' noticing agent at http://www.kccllc.net/incora/. The service address for each of the Debtors in these cases is 2601 Meacham Blvd., Ste. 400, Fort Worth, TX 76137.

"***Response***") in accordance with the procedures below. Your Response** must specifically by number the claim(s) that you believe have not been satisfied.

Your ~~response must be delivered, in writing~~**Response must be filed with the Court electronically at http://ecf.txsb.uscourts.gov and served**, so as to be actually received no later than [•] **and** by each of the following counsel to the Debtors:

- Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn:  Dennis F. Dunne (DDunne@Milbank.com), Samuel A. Khalil (SKhalil@Milbank.com), and Benjamin M. Schak (BSchak@Milbank.com); and

- Haynes and Boone LLP, 1221 McKinney Street, Suite 4000, Houston, TX 77010, Attn:  Charles A. Beckham, Jr. (Charles.Beckham@HaynesBoone.com), Patrick L. Hughes (Patrick.Hughes@HaynesBoone.com), and Kelli S. Norfleet (Kelli.Norfleet@HaynesBoone.com).

**If you do not submit a Response before expiration of the deadline, the Debtors will file a notice to inform the Court that no Response has been filed. In that case, the Debtors and their claim agent will deem your claim satisfied without further need for notice.**

Your ~~response~~**Response** to a Claim Satisfaction Notice shall contain the following information:

- The claim number of any claim that you believe has not been satisfied.

- A declaration ~~or other statement of a person with personal knowledge~~ of the relevant facts ~~to the effect that~~**describing why** the claim has not been satisfied.

- The name, address, telephone number, and email address of a person with authority to reconcile, settle, or resolve the claim on behalf of the claimant.

If you ~~deliver~~**file** a timely written ~~response~~**Response** to this Notice of Satisfaction, then this Notice of Satisfaction will have no effect, and the claim(s) specified in your ~~response~~**Response** will not be disallowed on the basis of this Notice of Satisfaction unless, following discussions with the Debtors' advisors, you subsequently agree that your claim has been satisfied. However, the Debtors reserve their rights to lodge an objection to your claim(s).

## FURTHER INFORMATION

Copies of the Omnibus Objection Motion and all other pleadings filed in these chapter 11 cases are available at no cost at the website of the Debtors' Claims and Noticing Agent at https://www.kccllc.net/incora. You may also obtain copies of any of the pleadings filed in these chapter 11 cases for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("***PACER***") are required to access this information and can be obtained through the PACER Service Center at

http://pacer.uscourts.gov. **Please do not contact the Court to discuss the merits of any claim or any objection filed against a claim**.

Dated: [•], 2023

Respectfully submitted,

*/s/ DRAFT*

Charles A. Beckham, Jr. (TX Bar No. 02016600)
Patrick L. Hughes (TX Bar No. 10227300)
Kelli S. Norfleet (TX Bar No. 24070678)
Martha Wyrick (TX Bar No. 24101606)
Re'Necia Sherald (TX Bar No. 24121543)

HAYNES AND BOONE, LLP

1221 McKinney Street, Suite 4000
Houston, TX 77010
Telephone: 1 (713) 547-2000
Email:      Charles.Beckham@HaynesBoone.com
            Patrick.Hughes@HaynesBoone.com
            Kelli.Norfleet@HaynesBoone.com
            Martha.Wyrick@HaynesBoone.com
            ReNecia.Sherald@HaynesBoone.com

- and -

Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)

MILBANK LLP

55 Hudson Yards
New York, NY 10001
Telephone: 1 (212) 530-5000
Email:      DDunne@Milbank.com
            SKhalil@Milbank.com
            BSchak@Milbank.com

*Counsel to the Debtors*
*and Debtors in Possession*