United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 09, 2024
Nathan Ochsner, Clerk

# In the United States Bankruptcy Court for the Southern District of Texas
## Houston Division

| | |
|---|---|
| *In re* <br> **Wesco Aircraft Holdings, Inc.**, *et al.*,[1] <br> Debtors. | Chapter 11 <br> Case No. 23-90611 (MI) <br> (Jointly Administered) |

## Order (I) Authorizing Rejection of the Gulfstream Contract, (II) Approving a Transition Agreement Between the Debtors and Gulfstream, and (III) Granting Related Relief

---

[1] The Debtors operate under the trade name Incora and have previously used the trade names Wesco, Pattonair, Haas, and Adams Aviation. A complete list of the Debtors in these chapter 11 cases, with each one's federal tax identification number and the address of its principal office, is available on the website of the Debtors' noticing agent at http://www.kccllc.net/incora/. The service address for each of the Debtors in these cases is 2601 Meacham Blvd., Ste. 400, Fort Worth, TX 76137.

Upon (a) the motion (the "**Rejection Motion**"),[2] of the above-captioned Debtors for entry of an order authorizing the Debtors to reject the Gulfstream Contract, as more fully set forth in the Rejection Motion, and the limited objection of Gulfstream Aerospace Corporation ("**Gulfstream**") to the Rejection Motion, (b) Gulfstream's motion (the "**Recoupment Motion**" and, collectively with the Rejection Motion, the "**Motions**") to modify the automatic stay to allow recoupment or alternatively setoff and the Debtors' limited objection to the Recoupment Motion, and (c) the Debtors' *Notice of Filing of Revised Order (I) Authorizing Rejection of the Gulfstream Contract, (II) Approving a Transition Agreement Between the Debtors and Gulfstream, and (III) Granting Related Relief* (the "**Notice**"); and this Court having jurisdiction to decide the Motions and to enter this Order pursuant to 28 U.S.C. § 1334; and consideration of the Motions being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motions and the evidence submitted with respect to the Motions; and this Court having determined that the legal and factual bases set forth in the Motions and in the record establish just cause for entry of this Order; and due and proper notice of the Motions and this Order having been provided, such notice being adequate and appropriate under the circumstances; and after notice and a hearing (as defined in section 102 of the Bankruptcy Code); and it appearing that immediate entry of this Order is in the best interests of the Debtors' estates; it is hereby **ORDERED** that:

1. Pursuant to section 365 of the Bankruptcy Code, the Gulfstream Contract (including all amendments, supplements and purchase orders) is hereby rejected, as of the date of entry of this Order.

2. The Gulfstream Transition Agreement, dated as of February 6, 2024 and filed as ECF No 1379 (the "**Gulfstream Transition Agreement**") is hereby approved in all respects as an exercise of the Debtors' business judgment and authorized under section 363, and the Debtors in the exercise of their business judgment are further authorized to take all actions and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rejection Motion.

execute all documents necessary to enter into and perform the Gulfstream Transition Agreement (including the sale agreement contemplated by section 5(d) of the Gulfstream Transition Agreement).

3. Gulfstream is authorized to recoup its 2023 rebates and other amounts due, in an aggregate amount of $7,410,732.71, from its payables owed to the Debtors, subject to the terms of the Gulfstream Transition Agreement. Gulfstream's recoupment of the 2022 rebates owed to Gulfstream was authorized pursuant to the Debtors' customer program order [Dkt. No. 120]. The recoupments are final and not subject to avoidance or other challenge by any person.

4. Any claims arising in Gulfstream's favor under the Gulfstream Transition Agreement shall be entitled to administrative expense status without need for further application to the Court.

5. Notwithstanding any discharge or other release granted to the Debtors in connection with this case, Gulfstream's and the Debtors' respective releases, agreements and obligations under the Gulfstream Transition Agreement shall continue to be binding upon Gulfstream and the Debtors following confirmation of a chapter 11 plan.

6. For the avoidance of doubt, Gulfstream shall not be entitled to any general unsecured claim resulting from the Gulfstream Contract, the rejection of the Gulfstream Contract, or the Gulfstream Transition Agreement. Pursuant to section 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer their right, title and interest in the inventory described in the Gulfstream Transition Agreement (the "**Gulfstream Inventory**") to Gulfstream free and clear of all claims, interests, debts, liabilities, obligations, liens (including mechanic's, material supplier's, possessory and other consensual and nonconsensual liens and statutory liens), interests, rights, encumbrances, rights of offset, recoupment rights, restrictions, option rights or claims, obligations, liabilities, indentures, loan agreements, guaranties, demands, contractual commitments or interests in respect of any Debtor or any property of any Debtor or its estate, equity interests, licenses, instruments, conditional sale rights or other title retention agreements, rights of first refusal, consent rights, contract rights, rights of recovery, reimbursement rights, contribution claims,

indemnity rights, regulatory violations, judgments, decrees of any court or foreign or domestic governmental or quasi-governmental entity, debts arising in any way in connection with any agreements, acts or failures to act and reclamation rights, whether ripened or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected (collectively, the "***Encumbrances***"). Pursuant to section 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer their right, title and interest in the fixed assets described in the Gulfstream Transition Agreement (the "***Fixed Assets***") to Gulfstream free and clear of all Encumbrances. Upon transfer of title to the Gulfstream Inventory and Fixed Assets pursuant to the Gulfstream Transition Agreement (the ***"Closing"***)*,* the Gulfstream Inventory and Fixed Assets shall be transferred to Gulfstream free and clear of all Encumbrances that existed prior to then. The Encumbrances of or for the benefit of the DIP Secured Parties and the Prepetition Secured Parties (each as defined in the Final DIP Order) shall attach to the proceeds received by the Debtors from the transfer of the Gulfstream Inventory and the Fixed Assets with the same nature, validity, priority, extent, perfection, and force and effect that such Encumbrances encumbered the Gulfstream Inventory and Fixed Assets immediately prior to the Closing.

7. Gulfstream is a good-faith purchaser of the Gulfstream Inventory and Fixed Assets and is hereby granted and is entitled to all of the benefits and protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code. Gulfstream is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code. Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified or vacated by a subsequent order of the Bankruptcy Court or any other court, such reversal, modification or vacatur shall not affect the validity and enforceability of the Gulfstream Transition Agreement (unless stayed pending appeal prior to the Closing).

8. Except to enforce the Gulfstream Transition Agreement, upon the Closing, all entities or persons are permanently and forever prohibited, estopped, and enjoined from asserting against Gulfstream, and its permitted successors, designees, and assigns, or property, or the

Gulfstream Inventory any Encumbrance of any kind or nature whatsoever arising prior to the Closing.

9. Pursuant to Bankruptcy Rule 6006(e)(3), the Debtors are authorized to file a single omnibus motion (the "**Assumption Motion**") to assume and assign to Gulfstream any and all outstanding purchase orders that are subject to the Gulfstream Transition Agreement (the "**Open Purchase Orders**"). Bankruptcy Rule 6006(f)(6) shall be waived with respect to such a motion to assume the Open Purchase Orders. The Debtors are authorized to seal the Assumption Motion, to file on the public docket a redacted version of the Assumption Motion that omits the list of Open Purchase Orders, and to attach to each counterparty's notice of the Assumption Motion a list of only the Open Purchase Orders that pertain to that counterparty. Each notice of the Assumption Motion shall include an opt-out form through which a counterparty may exclude its Open Purchase Orders from assumption and assignment under the Assumption Motion.

10. Notwithstanding Bankruptcy Rule 4001(a), Bankruptcy Rule 6004(h), or any provision of the Bankruptcy Code, the Bankruptcy Rules or the Local Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors, Gulfstream, and their respective agents are authorized to take all steps necessary and appropriate to effectuate the relief granted this Order.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: February 09, 2024

_____
Marvin Isgur
United States Bankruptcy Judge