**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WESCO AIRCRAFT HOLDINGS, INC., *et al*.,[1] | Case No. 23-90611 (MI) |
| Debtors. | (Jointly Administered) |

**PRICE FOR PROFIT LLC d/b/a INSIGHT2PROFIT'S LIMITED OBJECTION AND
RESERVATION OF RIGHTS TO THE MODIFIED FIRST AMENDED JOINT
CHAPTER 11 PLAN OF WESCO AIRCRAFT HOLDINGS, INC. ET AL.**

1.      Price for Profit LLC d/b/a Insight2Profit ("I2P"), by and through its undersigned counsel, hereby submits this limited cure objection and reservation of rights (the "Objection") in response to the Debtors' assumption of executory contracts pursuant to the *Modified First Amended Joint Chapter 11 Plan of Wesco Aircraft Holdings, Inc. et al.* [Dkt. No. 1223] (the "Plan").

2.      I2P and Wesco Aircraft Hardware Corp. are parties to that certain pre-petition Master Subscription Agreement (the "Agreement").[2] Under the Agreement, I2P provides decision support and related analytics modules, compromised of certain models, technologies, processes, and personnel in exchange for payment by the Debtors so the Debtors can optimize, among other things, the pricing of their products and services.

---

[1]      The Debtors operate under the trade name Incora and have previously used the trade names Wesco, Pattonair, Haas, and Adams Aviation.  A complete list of the Debtors in these Chapter 11 Cases, with each one's federal tax identification number and the address of its principal office, is available on the website of the Debtors' noticing agent at http://www.kccllc.net/incora.  The service address for each of the Debtors in these cases is 2601 Meacham Blvd., Ste. 400, Fort Worth, TX 76137.

[2]      The Agreement, along with all amendments, statements of work, unpaid invoices, and other certain consulting agreements, under which I2P provided pricing and sales consulting services to the Debtors, are incorporated herein by reference.  The Agreement is not attached hereto as the Debtors are in possession of the Agreement.

3.     Pursuant to the Agreement, the Parties would, from time to time, enter into Statements of Work (the "SOWs") to further outline the specific services to be provided by I2P.

4.     On September 28, 2023, I2P timely filed its proof of claim in the amount of $1,269,660.06 in the case of Wesco Aircraft Hardware Corp. [Claim No. 1126] (the "Claim").

5.     Article V, Section A of the Plan calls for the assumption of all executory contracts as of the Effective Date not otherwise assumed or rejected.  [Dkt. No. 1223, pg. 50 of 87].  Article V, Section B.1 of the Plan states that the cure amount for each executory contract shall be $0.00 unless contract counterparties object timely to the proposed cure amount.  The confirmation objection deadline is May 3, 2024, at 4:00 p.m. (CST).  [Dkt. No. 1662].

6.     Section 365 of the Bankruptcy Code addresses the conditions under which a debtor may assume or reject an executory contract.  Among other things, in the event a debtor seek to assume an executory contract under section 365 of the Bankruptcy Code, the debtor must (i) cure (or provide adequate assurance that they will promptly cure) all defaults at the time of assumption of the contract; (ii) compensate, or provide adequate assurance that they will compensate, the counterparty to the executory contract for any pecuniary loss arising from such defaults; and (iii) provide adequate assurance of future performance under the contract.  *See* 11 U.S.C. § 365.

7.     To date, I2P has not received notice that the Debtors intend to reject the Agreement. Therefore, based upon the default assumption provision in the Plan, I2P understands that the Debtors intend to assume the Agreement.  The Agreement is an executory contract because it imposes material obligations on the Parties which were executory on the petition date.  *See, e.g.*, *In re NewPage Corp.* 2017 WL 571478, at *6 (Bankr. D. Del. Feb. 13, 2017).

8.     I2P, therefore, files this Objection to assert the correct cure amount for the Agreement.  All prepetition and post-petition invoices due under the Agreement must be paid by

the Debtors prior to assumption.  11 U.S.C. § 365(b)(1).  Further, the Debtors must provide adequate assurance of future performance under the Agreement before it may be assumed.  11 U.S.C. § 365(b)(2).

9.      The indicated cure amount of $0.000 in the Plan is inconsistent with I2P's records; as of the date of this Objection, I2P is owed not less than $1,269,660.06.

10.     I2P has communicated, through counsel, with the Debtors in an effort to resolve the discrepancy in the cure amount.  However, as of the date hereof, no agreement has been reached.

WHEREFORE, for the reasons set forth above, I2P respectfully requests that the Court deny the Debtors' request for authority to assume any I2P contract or agreement absent cure of all outstanding amounts due and owing to I2P and provision of adequate assurance regarding any proposed assumption.

Dated: May 3, 2024

Respectfully submitted,

 _/s/ John C. Gentile_____
Jennifer R. Hoover
John C. Gentile (*pro hac vice* pending)
**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**
1313 North Market Street, Suite 1201
Wilmington, DE 19801-6101
Telephone: (302) 442-7010
Email:  jhoover@beneschlaw.com
            jgentile@beneschlaw.com

*Counsel to Price for Profit LLC d/b/a Insight2Profit*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 3, 2024, I caused the foregoing document to be served by electronic means via the Court's CM/ECF system to all parties registered to receive electronic notice in this case.

*/s/ John C. Gentile*
John C. Gentile
