United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 14, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 23-90611 |
| WESCO AIRCRAFT HOLDINGS, INC., *et al.*, | § § § | CHAPTER 11 |
| Debtors. | § § § | |
| WESCO AIRCRAFT HOLDINGS, INC., *et al.*, | § § § § | |
| VS. | § § | ADVERSARY NO. 23-3091 |
| SSD INVESTMENTS LTD., *et al.*, | § § § § | |
| Defendants. | | |

### MEMORANDUM OPINION AND ORDER

Platinum moves for reconsideration of the Court's order finding that the attorney-client privilege was waived with respect to the line of questioning regarding legal advice received by Kevin Smith on certain sections of Wesco's Indentures. ECF No. 1199. Platinum asserts the Court erred in finding waiver in reliance on *Edwards v. KB Home*, No. 3:11-CV-00240, 2015 WL 4430998 (S.D. Tex. July 18, 2015), because (1) *Edwards* applied federal privilege law that does not align with New York privilege law, and (2) *Edwards* does not reflect current Fifth Circuit law. ECF No. 1199 at 4. For the reasons set forth below, the Court's order at ECF No. 1187 is vacated. The privilege is not waived with respect to the applicable line of questioning.

For an at-issue waiver of the attorney-client privilege to occur, New York courts require evidence showing an affirmative reliance on

the advice of counsel to support an element of a claim or defense. *See In re Cnty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) ("The key to finding of implied waiver . . . is some showing by the party arguing for a waiver that the opposing party *relies* on the privileged communication as a claim or defense or as an element of a claim or defense."); *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11-CV-726, 2013 WL 12503118, at *14 (E.D.N.Y. July 18, 2013) ("[F]or there to be a finding of implied waiver, the party asserting the privilege must have either expressly or impliedly placed in issue that party's reliance on the advice of counsel.").

The Fifth Circuit applies similar concepts. Although *Edwards* found that the attorney-client privilege may be waived when evidence creates uncertainty about whether a party is relying on counsel's advice to support its claim, the Fifth Circuit has not adopted this ruling. *See Edwards*, 2015 WL 4430998, at *2–3. Post-*Edwards* Fifth Circuit cases, like in New York, have found that mere relevance of the privileged communication is not sufficient to give rise to an implied waiver. *See In re Itron, Inc.*, 883 F.3d 553, 561 (5th Cir. 2018) ("Our circuit and others agree that '[r]elevance is *not* the standard for determining whether or not evidence should be protected from disclosure as privileged, . . . even if one might conclude the facts to be disclosed are vital, highly probative, directly relevant or even go to the heart of an issue.'" (quoting *Rhone–Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 864 (3d Cir. 1994))). The Fifth Circuit has held that, for privilege to be waived, there must be an affirmative reliance on the advice of counsel to support a claim or defense. *See id.* ("[F]or this type of waiver to occur, the client 'must *rely* on privileged advice from his counsel to make his claim or defense.'" (quoting *Erie*, 546 F.3d at 229)); *In re Schlumberger Tech. Corp.*, 818 F. App'x 304, 307 (5th Cir. 2020) ("[A] client waives the privilege by affirmatively relying on attorney-client communications to support an element of a legal claim or defense—thereby putting those communications 'at issue' in the case." (quoting *Iltron*, 883 F.3d at 558)).

Mr. Smith provided testimony regarding his commercial understanding of certain sections of Wesco's Indentures. Smith's testimony provides evidence in support of Platinum's various affirmative defenses, including its economic interest and good faith defenses. ECF No. 163 at 56. However, the testimony does not indicate reliance on the advice of counsel to support these defenses. During direct examination, Smith was asked whether he reviewed transaction documents and formed a commercial understanding "of whether those components for the 2022 transaction were permissible under the original indentures." ECF No. 827 at 94:1–9. Mr. Smith answered that he formed a commercial understanding of the documents. ECF No. 827 at 94:10–11. Mr. Smith also stated that he shared his commercial understanding with counsel. ECF No. 827 at 94:22. Mr. Smith also answered during direct examination that he formed an understanding of the meaning of certain sections of the Indentures relating to optional redemptions. ECF No. 827 at 104:16–105:20. He also testified on direct examination that, in his commercial understanding, the 2022 transaction did not effectuate a redemption. ECF No. 827 at 106:4–10. At no point during direct examination did Mr. Smith testify that he relied on the advice of counsel in forming his understanding as to whether the 2022 Transaction complied with the Indentures.

Mr. Smith was asked on cross-examination whether he recalled discussing the redemption sections of the Indentures with counsel. ECF No. 827 at 225:16–226:7. He testified that, when he discussed the Indentures with counsel, the advice "just confirmed my commercial understanding of what the documents were allowing for." ECF No. 827 at 227:4–6. At no point during cross-examination did Mr. Smith state he relied on the advice of counsel in forming his belief that the 2022 Transaction was permitted by the redemption sections of the Indentures. Mr. Smith did not offer evidence of privileged communications to support any of Platinum's claims or defenses.

If counsel for Platinum failed to object to the eliciting of Smith's communications with counsel, this may have resulted in a waiver. *See*

*Erie*, 546 F.3d at 228 ("[C]ourts have found waiver by implication when a client testified concerning portions of the attorney-client communication . . . ." (quoting *Sedco Int'l S.A. v. Cory*, 683 F.2d 1201, 1206 (8th Cir.1982))). But this did not occur. When Mr. Smith was asked about his discussions with counsel on cross-examination, counsel for Platinum promptly objected on the basis of the attorney-client privilege. ECF No. 827 at 226:10–11.

There is no basis for finding a waiver of the attorney-client privilege.

## CONCLUSION

The Court's order at ECF No. 1187 is vacated. The attorney-client privilege is not waived with respect to the line of questioning regarding Smith's commercial understanding of the applicable provisions of Wesco's Indentures. Smith is not required to produce copies of any written communication with respect to this issue, and he is not obligated to be recalled as a witness.

SIGNED 05/14/2024

　　　　　　　　　　　　　　　　　　　　Marvin Isgur
　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge