IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| *In re* <br> **WESCO AIRCRAFT HOLDINGS, INC.,** *et al.*,[1] <br>             Debtors. | Case No. 23-90611 (MI) <br> Chapter 11 <br> (Jointly Administered) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER SETTING CONFIRMATION-RELATED DEADLINES**

> **Emergency relief has been requested. Relief is requested not later than 9:00 a.m. (Central Time) on November 22, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

---

[1] The Debtors operate under the trade name Incora and have previously used the trade names Wesco, Pattonair, Haas, and Adams Aviation. A complete list of the Debtors in these chapter 11 cases, with each one's federal tax identification number and the address of its principal office, is available on the website of the Debtors' noticing agent at https://www.veritaglobal.net/incora. The service address for each of the Debtors in these cases is 2601 Meacham Blvd., Ste. 400, Fort Worth, TX 76137.

The above-captioned debtors and debtors in possession (the "**Debtors**")[2] respectfully state as follows.

## RELIEF REQUESTED

1. By this emergency motion (the "**Motion**"), the Debtors seek entry of an order attached hereto (the "**Proposed Order**") setting (i) the deadline to file a plan supplement that includes the New LLC Agreement, (ii) the deadline by which parties may file objections to confirmation of the *Modified Second Amended Joint Chapter 11 Plan of Wesco Aircraft Holdings, Inc. et al.* [Dkt. No. 2082] (as may be amended from time to time, the "**Plan**"),[3] (iii) the voting deadline, and (iv) the deadline to file the voting report, in each case without prejudice to the rights of the Debtors to seek further extensions of such deadlines.

2. The Motion is supported by the parties that would be most significantly affected by the proposed deadlines, namely, the First Lien Noteholder Group and the 2024/2026 Noteholder Group.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein is Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

[2] A detailed description of the Debtors and their businesses is set forth in the *Declaration of Raymond Carney in Support of Chapter 11 Petitions and First Day Motions* [Dkt. No. 13] (the "**First Day Declaration**"), filed with the Debtors' voluntary petitions for relief filed under title 11 of the United States Code (the "**Bankruptcy Code**"), on June 1, 2023 (the "**Petition Date**"). The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. An official committee of unsecured creditors was appointed on June 16, 2023; no trustee, examiner or other official committee has been appointed.

[3] All capitalized terms not otherwise defined in this Motion bear the meanings ascribed to them in the Plan.

#### BACKGROUND

5. On September 5, 2024, the Debtors filed the Plan and the corresponding Disclosure Statement. That same day, the Court entered the Disclosure Statement Order.

6. The Disclosure Statement Order, as modified by the Court's *Order Extending the Deadlines to File (I) Plan Supplement and (II) Objections to Confirmation* [Dkt. No. 2138], established certain dates and deadlines with respect to the Plan and the Disclosure Statement (collectively, the "**Deadlines**"). Due to the need to resolve critical open issues regarding the Plan among members of the First Lien Noteholder Group and the 2024/2026 Noteholder Group, such dates and deadlines, including the confirmation hearing, were subsequently postponed pursuant to the *Notice of Adjournment of Confirmation Hearing Set October 7, 2024, at 9:00 A.M. (CDT) and Related Dates and Deadlines* [Dkt. No. 2179].

7. As reported to the Court at the status conference held on November 15, 2024 (the "**November 15 Status Conference**"), following continued mediation among the Debtors, the First Lien Noteholder Group, and the 2024/2026 Noteholder Group, the parties have reached agreement on nearly all of the open Plan issues and intend to file a further revised Plan incorporating the resolution of such issues on Friday, November 22, 2024. In anticipation of the revised Plan, the Court set a hearing to consider confirmation of the revised Plan for December 5, 2024, at 8:00 a.m. (CT) (the "**Confirmation Hearing**").

#### RELIEF REQUESTED

8. By this Motion, the Debtors seek an order setting certain deadlines in connection with the Confirmation Hearing, consistent with the following, without prejudice to the rights of the Debtors to seek further extensions of such deadlines:

| Event | Date and Time |
|---|---|
| Filing of Revised Plan | November 22, 2024 |
| Deadline to File a Plan Supplement That Includes New LLC Agreement | November 26, 2024 |
| Deadline to File Objections to Confirmation of the Plan | November 29, 2024, at 5:00 p.m. (CT) |
| Voting Deadline[4] | November 29, 2024, at 5:00 p.m. (CT) |
| Deadline to File Voting Report | December 3, 2024 |
| Confirmation Hearing | December 5, 2024, at 8:00 a.m. (CT) |

# BASIS FOR RELIEF

9.     Bankruptcy Rule 9006(b)(1) permits the Court, in its discretion, to reset these deadlines for cause, with or without motion or notice:

> [W]hen an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before expiration of the period prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b).

10.     Cause exists to reset the Deadlines as requested because the Debtors have made significant progress in mediation with the First Lien Noteholder Group and the 2024/2026 Noteholder Group and resetting of the deadlines as set forth above will enable the Debtors to seek confirmation of the revised Plan on the timeline discussed with the Court at the November 22 Status Conference.  Furthermore, the changes to be reflected in the revised Plan are intended only

---

[4]     For the avoidance of doubt, the voting deadline is only extended until November 29, 2024, at 5:00 p.m. (CT) for Classes 4 and 6 under the Plan, the voting deadline for all other Voting Classes under the Plan having already occurred.

to implicate the rights of holders of 1L Notes Claims and 2026 Notes Claims, substantially all of which are members of either the First Lien Noteholder Group or the 2024/2026 Noteholder Group, which, as noted, supported the proposed confirmation schedule.

## EMERGENCY CONSIDERATION

11.   The Procedures for Complex Cases in the Southern District of Texas (the "**Complex Case Procedures**") require that all motions seeking relief on less than 21 days' notice must be filed as "emergency" motions. The Debtors request emergency consideration of this Motion for the reasons identified in paragraph 10 of the Motion, including that emergency approval and consideration of the Motion is necessary to preserve the confirmation schedule discussed with the Court.

## NOTICE

12.   Pursuant to Bankruptcy Rule 2002 and paragraph 11 of the Procedures for Complex Cases in the Southern District of Texas, notice of this Motion will be provided to all creditors (and their nominees) and indenture trustees, all equity security holders, the official committee of unsecured creditors, the Securities and Exchange Commission, the United States Trustee for Region 7, and all other parties in interest listed on the master service list maintained by the Debtors. The Debtors respectfully submit that no further notice is required under the circumstances.

[*Remainder of page intentionally blank*]

Upon the foregoing Motion, the Debtors respectfully request that the Court (a) enter an order granting this Motion in substantially the form proposed and (b) grant such other relief as is just and proper.

Dated: November 19, 2024

Respectfully submitted,

*/s/ Charles A. Beckham, Jr*

Charles A. Beckham, Jr. (TX Bar No. 02016600)
Patrick L. Hughes (TX Bar No. 10227300)
Martha Wyrick (TX Bar No. 24101606)
Re'Necia Sherald (TX Bar No. 24121543)
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 4000
Houston, TX  77010
Telephone: 1 (713) 547-2000
Email: Charles.Beckham@HaynesBoone.com
Patrick.Hughes@HaynesBoone.com
Martha.Wyrick@HaynesBoone.com
ReNecia.Sherald@HaynesBoone.com

- and -

Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY  10001
Telephone: 1 (212) 530-5000
Email: DDunne@Milbank.com
SKhalil@Milbank.com
BSchak@Milbank.com

*Counsel to the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I certify that, on November 19, 2024, a true and correct copy of the foregoing document was served through the Electronic Case Filing system of the United States Bankruptcy Court for the Southern District of Texas and will be served as set forth in the Affidavit of Service to be filed by the Debtors' noticing agent.

/s/ *Charles A. Beckham, Jr*
Charles A. Beckham, Jr.