# In the United States Bankruptcy Court
# for the Southern District of Texas
# Houston Division

| | |
|---|---|
| *In re*<br>**Wesco Aircraft Holdings, Inc.**, *et al.*,[1]<br><br>Debtors. | Case No. 23-90611 (MI)<br>Chapter 11<br>(Jointly Administered) |

## Notice of Hearing to Consider Confirmation of the Further Modified Second Amended Chapter 11 Plan Filed by the Debtors

**PLEASE TAKE NOTICE THAT** on December 5, 2024, the Debtors filed the Further *Modified Second Amended Joint Chapter 11 Plan of Wesco Aircraft Holdings, Inc. et al.* [Docket No. 2408] (the "***Plan***").[2]

**PLEASE TAKE FURTHER NOTICE THAT** the deadline to object to the Plan is **December 12, 2024, at 4:00 p.m. CT**.[3]

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "***Confirmation Hearing***") will commence on **December 16, 2024, at 8:00 a.m. (CT)** before the Honorable Marvin Isgur, in the United States Bankruptcy Court for the Southern District of Texas, Courtroom 404, 515 Rusk Street, Houston, TX 77002. The Confirmation Hearing may be continued from time to time without further notice other than by an announcement in open Court or a notice filed on the Court's docket and served on all parties entitled to the notice. Parties may appear at the Confirmation Hearing in-person or by remote participation. For those parties who wish to participate remotely, the audio communication will be

---

[1] The Debtors operate under the trade name Incora and have previously used the trade names Wesco, Pattonair, Haas, and Adams Aviation. A complete list of the Debtors in these chapter 11 cases, with each one's federal tax identification number and the address of its principal office, is available on the website of the Debtors' noticing agent at https://www.veritaglobal.net/incora. The service address for each of the Debtors in these cases is 2601 Meacham Blvd., Ste. 400, Fort Worth, TX 76137.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan.

[3] The objection deadline is extended to Friday, December 13, 2024 at 2:00 p.m. CT for the United States.

by use of the Court's dial-in facility. You may access the facility at 1 (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page (https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur). The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.

**PLEASE TAKE FURTHER NOTICE THAT** the Plan may be modified pursuant to section 1127 of the Bankruptcy Code, before, during, or because of the Confirmation Hearing.

**PLEASE TAKE FURTHER NOTICE THAT** additional copies of the Disclosure Statement, Plan, or any other solicitation materials (except for Ballots) are available free of charge on the Debtors' case information website (https://www.veritaglobal.net/incora) or from the Solicitation Agent at (877) 499-4509 (U.S./Canada) or +1 (917) 281-4800 (international) or by writing the Solicitation Agent at Incora Ballot Processing Center, c/o Verita, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245. Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may not advise you as to whether you should vote to accept or reject the Plan.

**PLEASE TAKE FURTHER NOTICE THAT Article VIII of the Plan contains certain releases, exculpations and injunctions. These provisions affect your rights, including your rights against persons other than the Debtors.** The Third-Party Release provisions of the Plan are as follows:

*Definition of "Released Parties":*

Means, collectively, the Releasing Parties; *provided* that no Excluded Party shall be a Released Party.

*Definition of "Releasing Parties":*

Means, collectively, and in each case in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) each non-Debtor affiliate; (d) each of the Consenting 1L Noteholders, the Consenting 2024/2026 Noteholders, the Consenting 1.25L Noteholders, and the Consenting Equity Holders; (e) the Committee and its members; (f) the DIP Purchasers; (g) Wilmington Savings Fund Society, FSB, in its capacity as current and/or former indenture trustee, notes agent and collateral agent, as applicable, under the DIP Notes Purchase Agreement, the 1L Indenture, the 1.25L Indenture, the Unsecured Notes Indentures, the 2026 Indenture, and the PIK Notes Indenture; (h) BOKF, in its capacity as current and/or former indenture trustee under the Unsecured Notes Indentures and the 2026 Indenture; (i) UMB Bank n.a., in its capacities as the 2024 Unsecured Indenture Trustee and the 2026 Indenture Trustee; (j) the ABL Agent and the ABL Lenders; (k) the New Revolver Facility Agent and the New Revolver Facility Lenders; (l) the New Notes Indenture Trustees; (m) each holder of Claims or Interests that does not elect to opt out of the Third-Party Release; and (n) with respect to each of the Entities in the foregoing

clauses (a) through (m), each such Entity's current and former Related Parties, solely to the extent that such Related Parties receive notice of the Third-Party Release; *provided* that, if any holder of a Claim or Interest does not elect to opt out of the Third-Party Release in any of its capacities, such holder and each of its Related Parties that is also a holder of a Claim or Interest shall be deemed to have not opted out of the Third-Party Release in all capacities; *provided, further*, that no Excluded Party shall be a Releasing Party. Notwithstanding any of the foregoing, Langur Maize shall be deemed to have opted out of the Third-Party Release and shall not be Releasing Parties or Released Parties. For the avoidance of doubt, each Consenting 2024/2026 Noteholder (and each Related Party thereof) shall be a Releasing Party notwithstanding the opt-out elections noted in Dkt. No. 1727, which are deemed withdrawn.

*Third-Party Release (Article VIII.E of the Plan):*

**As of the Effective Date (subject only to Article IV.A.2), each of the Releasing Parties (other than the Debtors) shall be deemed to have expressly, absolutely, unconditionally, irrevocably, generally, individually, and collectively, released, acquitted, and discharged each of the Released Parties from any and all Causes of Action**, **including any derivative Causes of Action asserted or assertable by or on behalf of a Debtor, Reorganized Debtor, or any of their Estates, and any Causes of Action asserted or assertable by or on behalf of the holder of any Claim or Interest or other Entity, whether known or unknown, foreseen or unforeseen, asserted or unasserted, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise that the Releasing Parties (whether individually or collectively) ever had, now have, or thereafter can, shall, or may have, based on or relating to, or in any manner arising from, in whole or in part: (a) the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the purchase, sale, or rescission of any security of the Debtors, the Plan Settlement, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Definitive Documents, the DIP Financing, the New Notes, the New Revolver Facility, the New Common Equity, the Disclosure Statement, or the Plan, including the Plan Supplement; (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Definitive Documents, the DIP Financing, the use of cash collateral authorized under the DIP Orders and the adequate protection granted in connection therewith, the New Notes, the New Revolver Facility, the New Common Equity, the Disclosure Statement, or the Plan, including the Plan Supplement; (c) the business or contractual arrangements between any Debtor and any Released Party, whether before or during the Debtors' restructuring, or the restructuring of Claims and Interests before or during the Chapter 11 Cases;**

**(d) the assumption, rejection, or amendment of any Executory Contract and/or Unexpired Lease; (e) the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is affected through the Restructuring (including pursuant to the Plan) or classified in the Plan; (f) the filing or administration of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; (g) the 2022 Financing Transactions, the Financing Litigation or the settlement thereof, including pursuant to the Plan Settlement; or (h) any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date arising from or relating to any of the foregoing, including the 1L Indenture, 1.25L Indenture, 2024 Unsecured Indenture, 2026 Indenture, 2027 Unsecured Notes Indenture, the PIK Notes Indenture, or the ABL Credit Agreement and including any amendments to the foregoing and all matters relating thereto (collectively, the "*Covered Released Matters*").**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not release (a) to the extent that any Causes of Action against any Releasing Party are not released or discharged pursuant to the Plan, any rights of such Releasing Party to assert any and all counterclaims, crossclaims, offsets, indemnities, claims for contribution, defenses, and similar claims in response to such Causes of Action (*provided* that, except as set forth Article V.D.2, no such counterclaims, crossclaims, offsets, indemnities, claims for contribution, defenses, or similar claims may be asserted against the Debtors, or the Reorganized Debtors or any Released Party to the extent such claims have been released or discharged pursuant to the Plan (subject to Article IV.A.2)), (b) any Cause of Action (other than any Cause of Action against the Debtors, the Reorganized Debtors, or any Related Party of the Reorganized Debtors) unknown to such Releasing Party as of the Effective Date that arises out of actual fraud, or gross negligence of an Entity other than such Releasing Party, (c) any Cause of Action against any Excluded Party, (d) any post-Effective Date obligations of any Entity under the Plan, any Restructuring Transaction, any Definitive Document (including those set forth in the Plan Supplement), or other document, instrument or agreement executed to implement the Plan, (e) the right of any Releasing Party to receive any distribution under the Plan or payment of any Cure Claim, (f) any Cause of Action under or relating to any cooperation agreement entered by and between (i) the funds and/or accounts, or subsidiaries of such funds and/or accounts, managed, advised or controlled by (x) Pacific Investment Management Company LLC, or a subsidiary thereof and/or (y) Silver Point Capital, L.P., or a subsidiary thereof and (ii) any other parties who were holders or purported holders of 2024 Unsecured Notes and/or 2026 Notes at the time of such agreement, (g) any Cause of Action (other than any Subject Standing Motion Claim as set forth in clause (h) of this paragraph, or other Cause of Action released by the Debtors or their Estates) held by and against holders of 1L Notes Claims, 2024 Unsecured Notes Claims and/or 2026 Notes Claims**

asserted raised, litigated, or otherwise preserved in the Financing Litigation Proceedings, including as such asserted, raised, litigated, or otherwise preserved Causes of Action may be asserted in the Appellate Litigation, or (h) only in the event the 2024/2026 Appellate Litigation Parties are granted derivative standing or found to have direct standing as to any Subject Standing Motion Claims in accordance with Article IV.A.2 or, with respect to the 2024/2026 Holders' Equitable Lien Claim and 2024/2026 Holders' Equitable Subordination Claim, in connection with an appeal of the Adversary Proceeding Decisions in the Appellate Litigation, any such Subject Standing Motion Claim for which the 2024/2026 Appellate Litigation Parties are found to have standing to assert; provided further, that, for the avoidance of doubt, nothing in this Plan shall (i) result in the Debtors being deemed to have abandoned any Causes of Action, or (ii) be deemed to impair, release, waive or limit in any way the Tortious Interference Claim (or any remedy associated with such Cause of Action) or any Cause of Action asserted or assertable in response thereto.

Nothing in this Article VIII.E. is intended to waive, limit, or otherwise alter the res judicata, collateral estoppel or other issue or claim preclusion effect of the 2022 Financing Adversary Proceeding, nor does anything in this Article VIII.E waive, limit or otherwise alter in any way any potential remedy resulting from or related to the Appellate Litigation, including any Potential Remedies Order, and no release of any Cause of Action shall in any way prejudice, waive, limit, or impair any argument, position, or defense in the Appellate Litigation.

For the avoidance of doubt, Langur Maize shall be deemed to have opted out of the Third-Party Release and shall not be Releasing Parties or Released Parties.

*[Remainder of page intentionally blank]*

Dated: December 5, 2024

Respectfully submitted,

*/s/ Charles A. Beckham, Jr.*

Charles A. Beckham, Jr. (TX Bar No. 02016600)
Patrick L. Hughes (TX Bar No. 10227300)
Martha Wyrick (TX Bar No. 24101606)
Re'Necia Sherald (TX Bar No. 24121543)
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 4000
Houston, TX 77010
Telephone: 1 (713) 547-2000
Email: Charles.Beckham@HaynesBoone.com
Patrick.Hughes@HaynesBoone.com
Martha.Wyrick@HaynesBoone.com
ReNecia.Sherald@HaynesBoone.com

- and -

Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY 10001
Telephone: 1 (212) 530-5000
Email: DDunne@Milbank.com
SKhalil@Milbank.com
BSchak@Milbank.com

*Counsel to the Debtors and Debtors in Possession*

### CERTIFICATE OF SERVICE

I certify that, on December 5, 2024, a true and correct copy of the foregoing document was served through the Electronic Case Filing system of the United States Bankruptcy Court for the Southern District of Texas and will be served as set forth in the Affidavit of Service to be filed by the Debtors' noticing agent.

<u>*/s/ Charles A. Beckham, Jr.*</u>
Charles A. Beckham, Jr.