# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| *In re* <br> **WESCO AIRCRAFT HOLDINGS, INC.**[1] <br> Reorganized Debtor. | Case No. 23-90611 (MI) <br> Chapter 11 <br> (Jointly Administered) |

# REORGANIZED DEBTORS'
# OBJECTION TO PROOF OF CLAIM #219
# FILED BY THE ARIZONA DEPARTMENT OF REVENUE

# (SATISFIED CLAIM)

> **This is an objection to your claim. This objection asks the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**

---

[1] The captioned Reorganized Debtor is Incora Intermediate II LLC, the successor by merger to Wesco Aircraft Holdings, Inc. Its employer identification number is 33-2921953. Its principal office address and service address in this case is 2601 Meacham Blvd., Ste. 400, Fort Worth, TX 76137.

The above-captioned reorganized debtor (the "**Reorganized Debtor**"[2] or "**Incora**" and, together with its affiliated former debtors and their successors, as applicable, the "**Reorganized Debtors**") respectfully state as follows.

## RELIEF REQUESTED

1. By this objection (the "**Objection**"), Incora seeks entry of the proposed order (the "**Order**"), disallowing proof of claim number 219 (the "**Claim**") filed by the Arizona Department of Revenue (the "**Claimant**").

2. The principal bases for this Objection are sections 105(a), 501(a), 502(a), and 502(b) of title 11 of the U.S. Code (the "**Bankruptcy Code**"), Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rules 3007-1 and 9013-1 of the Bankrupty Local Rules of the U.S. Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), and the Court's *Order Approving Claim Objection and Settlement Procedures* [Docket No. 1354] (the "**Claims Procedures Order**"). This Objection is supported by the *Declaration of Christopher Kelly in Support of the Reorganized Debtors' Objection to Proof of Claim #219 Filed by the Arizona Department of Revenue* (the "**Kelly Declaration**"), attached to this Objection as **Exhibit A**.

3. If the Claimant files and properly serves a timely response to this Objection, Incora will request the Court to schedule a hearing on that response.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This Motion is a core proceeding under 28 U.S.C. § 157(b). Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] A detailed description of the now-Reorganized Debtors and their businesses is set forth in the *Declaration of Raymond Carney in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") [Dkt. No. 13], filed with the Debtors' voluntary petitions for relief filed under title 11 of the United States Code (the "**Bankruptcy Code**"), on June 1, 2023 (the "**Petition Date**").

## BASIS FOR RELIEF

5.      Section 501(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under § 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502. Section 502(b)(1) provides that a court shall not allow a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." See 11 U.S.C. § 502(b)(1).

6.      As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Jack Kline Co.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). A proof of claim loses the presumption of prima facie validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). Once such an allegation is refuted, the burden reverts to the Claimant to prove the validity of its claim by a preponderance of the evidence. *Id*. Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).

7.      The Claim asserts a liability based on allegedly unpaid transaction privilege taxes (Arizona's version of a business privilege tax) for scattered years from 2016 to 2023 and estimated corporate income taxes for each years from 2007 to 2022.

8.      On or about July 26, 2024, the Debtors' personnel reviewed the Claimant's tax portal website, which showed transaction privilege taxes due only for tax years 2023 and 2024, in the amount of $135 per year. The Debtors immediately paid those assessments for both tax years, in the total amount of $270, as reflected by confirmation number 1000054594859. The liability for 2023 was paid pursuant to a court order authorizing the payment (ECF No. 116), and the liability for 2024 was paid in the ordinary course of business. No transaction privilege tax liability for any other tax years was indicated as unpaid on the Claimant's website or was available to be paid

through the website. Accordingly, the Reorganized Debtors do not believe that any transaction privilege tax is presently owed for the tax years listed on the Claim.

9. As to corporate tax liability, the Reorganized Debtors have a large carryforward balance from earlier tax years, against which they have been applying the $50 minimum tax each year. The 2023 tax return (attached as **Exhibit B**) shows a remaining carryforward of over $19,000. Accordingly, the Reorganized Debtors do not owe any corporate tax to the Claimant.

10. Given that no tax is properly due to the Claimant, no tax penalties or interest should be assessed either. Accordingly, the Reorganized Debtors seek to disallow each Claim in its entirety.

## Reservation of Rights

11. Incora reserves the right to modify, supplement, or amend this Objection as it pertains to any portion of the Claim. Nothing in this Objection shall be understood as (a) an admission as to the validity of any claim against any of the Reorganized Debtors, (b) a waiver of the right of the Reorganized Debtors to dispute any claim against any of the Reorganized Debtors on any grounds whatsoever at a later date, (c) a promise by any of the Reorganized Debtors to pay any claim, or (d) a waiver of any rights of the Reorganized Debtors under the Bankruptcy Code or other applicable law.

## Notice

12. Pursuant to Article XII.C of the *Further Modified Second Amended Joint Chapter 11 Plan of Wesco Aircraft Holdings, Inc.* [D.I. 2517] (the "**Plan**"),[3] the Claims Procedures Order, and Rule 3007 of the Bankruptcy Rules, notice of this Objection will be provided (a) by filing on the Court's Electronic Court Filing system, (b) by mail, to the Office of the U.S. Trustee, and (c) by email, to counsel to the General Unsecured Claims Observer, the First Lien Noteholder Group, and those parties that, following the Effective Date, have filed renewed requests for notices

---

[3] Capitalized terms used but not defined in this Objection have the meanings ascribed to them in the Plan.

pursuant to Bankruptcy Rule 2002. This Objection will be also served on the Claimant. The Reorganized Debtors respectfully submit that no further notice is required under the circumstances.

*[Remainder of page intentionally blank]*

Upon the foregoing Objection, the Reorganized Debtors respectfully request that the Court (a) enter an order sustaining this Objection, substantially in the form attached to this Objection and (b) grant such other relief as is just and proper.

Dated: July 25, 2025

Respectfully submitted,

*/s/ Charles A. Beckham, Jr.*

Charles A. Beckham, Jr. (TX Bar No. 02016600)
Patrick L. Hughes (TX Bar No. 10227300)
Re'Necia Sherald (TX Bar No. 24121543)
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 4000
Houston, TX 77010
Telephone: 1 (713) 547-2000
Email:   Charles.Beckham@HaynesBoone.com
         Patrick.Hughes@HaynesBoone.com
         ReNecia.Sherald@HaynesBoone.com

- and -

Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY 10001
Telephone: 1 (212) 530-5000
Email:   DDunne@Milbank.com
         SKhalil@Milbank.com
         BSchak@Milbank.com

*Counsel to the Reorganized Debtors*

**CERTIFICATE OF SERVICE**

I certify that, on July 25, 2025, a true and correct copy of the foregoing document was served through the Electronic Case Filing system of the United States Bankruptcy Court for the Southern District of Texas and will be served as set forth in the Affidavit of Service to be filed by the Reorganized Debtors' noticing agent.

*/s/ Charles A. Beckham, Jr.*

Charles A. Beckham, Jr.